1997-NMSC-028

941 P.2d 502

**Carolyn MILLS, Petitioner–Appellant,**

v.

**NEW MEXICO STATE BOARD OF PSYCHOLOGIST EXAMINERS,**
Respondent–Appellee.

No. 23701.

Supreme Court of New Mexico.

May 30, 1997.

422

Jacobvitz, Thuma & Matthews, P.C., Marian Matthews, Albuquerque, for Petitioner–Appellant.

Michael Dickman, Santa Fe, for Respondent–Appellee.

## OPINION

BACA, Justice.

### I

1. This is an appeal from a district court Order Quashing Writ of Certiorari to review the actions of the New Mexico State Board of Psychologist Examiners (the Board) pertaining to Dr. Carolyn Mills (Mills). Mills sought review of the Board's requirement that she take and pass an oral examination in order to reinstate her license to practice psychology following a brief retirement. Mills questioned the Board's imposition of the oral examination requirement, raising concerns about both substantive and procedural due process. The district court quashed the Motion for Certiorari for lack of jurisdiction to review the Board's discretionary requirement of an oral examination and because the court concluded that the oral examination requirement did not implicate due process. Mills filed a timely appeal. The Court of Appeals transferred the case to this Court pursuant to NMSA 1978, Section 34–5–14(C) (Repl.Pamp.1996), because the case involves significant questions of law under the Constitutions of New Mexico and the United States. We remand the case to the Board, ordering the Board to provide Mills with a reinstatement proceeding which complies with the requirements of due process.

### II

2. The Board is the body empowered to regulate licensing of psychologists. See NMSA 1978, § 61–9–6 (Repl.Pamp.1996). The Board issued Mills a license to practice psychology in 1980. Mills practiced psychology successfully until 1992, at which time she was prompted by several events in her personal life to retire from practice. Mills was suffering from severe environmental illness and intended to remarry, leave New Mexico, and retire.

3. The Board, as authorized by NMSA 1978, Section 61–9–6 (Repl.Pamp.1996) (defining Board powers), promulgated Rule 12 governing the retirement of licenses to practice psychology. See Retirement, N.M. Bd. of Psychologist Exam'rs Rule 12, 1 N.M.Reg. No. 17, 13 (Sept. 15, 1990) [hereinafter Rule 12]. In compliance with Rule 12, Mills wrote to the Board and advised them that she was retiring but intended to keep her license. See Rule 12(A). The Board responded by sending Mills a letter indicating that her license had been placed in retirement.

4. Rule 12 also provides guidelines for reinstatement of a retired license to practice psychology. Applicants for reinstatement of a retired license must pay a three hundred dollar fee for reinstatement, see Rule 12(E), and prove that they have completed the required minimum ten hours of continuing psychological education for each year of retirement, see Rule 12(F). The Board may, at its discretion, require an applicant for reinstatement to take and pass either a written or oral examination prepared and administered by the Board. See Rule 12(G).

5. In 1994, following treatment for her health problems and abandonment of her plans to remarry and relocate, Mills submitted an application to the Board requesting reinstatement of her license. Mills paid the reinstatement fee and proved that she had earned more than the requisite number of continuing education hours during her retirement. The Board informed Mills that she would have to take and pass an oral examination prior to reinstatement of her license.

6. Mills met with the Board on April 29, 1994, in an effort to determine why she was required to take the oral examination. At that meeting, the Board expressed concerns about Mills' health and requested letters from her physician and the psychologist who took over her practice so that the board could evaluate her health status. In response, Mills submitted letters from her physician and colleagues attesting to her good health and ability to return to practice. Despite receipt of the requested assurances, the Board continued to insist on an oral examination and refused to grant Mills a hearing to address the issue.

7. Mills filed a Verified Petition for Writ of Certiorari with the district court, requesting that the Board's actions be evaluated.

Recognizing that the Board's decision implicated important constitutional rights, the district court issued a Writ of Certiorari. The Board then filed a Motion to Quash Writ of Certiorari. The district court granted the Board's Motion to Quash Writ of Certiorari, finding that: (1) the district court lacked jurisdiction to review the Board's decision to require an oral examination prior to reinstatement of Mills' license; (2) the Uniform Licensing Act does not apply to the Board's discretionary decision to require the taking of an oral examination; and (3) procedural due process does not apply to this case. The district court denied Mills' Motion for Reconsideration and this appeal followed.

### III

8. On appeal we evaluate whether the district court erred in finding that it lacked jurisdiction to review the Board's decision to require an oral examination. We also evaluate whether due process applies to the Board's discretionary determination that passage of an oral examination is required prior to reinstatement of Mills' license. We find that the district court had jurisdiction to address the Board's actions and that Mills was entitled to and denied due process in connection with the license reinstatement procedure. We reverse the district court Order and remand this case to the Board for reinstatement proceedings which comply with due process.

### A.

9. The district court quashed Mills' Writ of Certiorari, based on lack of jurisdiction to review the Board's discretionary decision to require Mills to take an oral examination. Under the Uniform Licensing Act, NMSA 1978, §§ 61–1–1 to –33 (Repl.Pamp.1996) (ULA), "[a]ny person ... who is aggrieved by an adverse decision of a board issued after hearing, may obtain a review of the decision in the district court...." Section 61–1–17 (petition for review). The ULA provides for a hearing in a limited number of circumstances, not including those occasions when the Board imposes an oral examination requirement prior to reinstatement of a retired license. *See* Section 61–1–3. The dis-

trict court, recognizing that Mills did not qualify for, or receive, a hearing resulting in a final order or decision of the Board, concluded that she was not entitled to a review of the Board decision. We disagree.

10. The district court failed to recognize that a writ of certiorari may be utilized to obtain judicial review where an inferior court or tribunal has proceeded illegally and no appeal or other mode of review is specified by statute. *See Littlefield v. State,* 114 N.M. 390, 393, 839 P.2d 134, 137 (Ct.App. 1992). The New Mexico Constitution, Article VI, Section 13 provides that "[t]he district court shall have ... appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts, or any judge thereof, shall have power to issue writs of ... certiorari...." The district court was correct in concluding that the ULA does not provide Mills with a statutory basis for appealing the Board's decision to impose the oral examination requirement. This absence of a statutory basis for review legitimates Mills' request for a Writ of Certiorari to obtain judicial review of the Board's alleged due process violations. *Cf. Sanderson v. New Mexico State Racing Comm'n,* 80 N.M. 200, 201, 453 P.2d 370, 371 (1969) (holding that where administrative board uses discretion to act unlawfully, court may use extraordinary measures, such as Writ of Mandamus, to review board's actions). The district court had jurisdiction to review Mills' allegations against the Board provided that the issues were ripe for review.

11. The second prong of the jurisdictional analysis is whether Mills' due process allegations were ripe for review by the district court. *See New Mexico Indus. Energy Consumers v. New Mexico Pub. Serv. Comm'n,* 111 N.M. 622, 626, 808 P.2d 592, 596 (1991). Appellate courts may not review the actions of an administrative agency until those actions are final. *Id.* at 629, 808 P.2d at 599. Finality does not necessarily require a final order from the administrative agency. An administrative act, such as the Board's decision to impose the oral examination requirement on Mills, is appealable if "based on

pragmatic consideration of the matters at issue and analysis of whether the administrative body has in fact finally resolved the issues" the court concludes that there are "problems which are real and present or imminent[.]" *Id.* In evaluating finality the reviewing court must consider the hardship which would result from denying review of the agency action. *Id.* at 630, 808 P.2d at 600.

■ 12. In the instant case the Board has imposed the requirement of passage of an oral examination on Mills as a prerequisite to reinstating her license to practice psychology. The Board has declined to conduct a hearing on the propriety of applying the oral examination requirement to Mills. Thus, absent review by the district court, Mills is faced with taking the examination and passing, rendering imposition of the exam without a hearing a moot issue, or taking the examination and failing, an event which could result in denial of her request for reinstatement of her license. *See* Rule 12(G) (authorizing Board to condition reinstatement of license on passage of oral examination). In either case Mills would suffer the consequences of taking the examination before any court could evaluate the Board's decision. Clearly the Board reached a final decision on Mills' right to a hearing prior to imposition of the oral examination requirement. The effect of that decision on Mills is imminent and potentially harmful. Thus, we conclude that the due process implications of imposing an oral examination requirement without a hearing are ripe for review.

### B.

13. Next we address Mills' due process claims. The district court correctly recognized that Mills has a property interest in her license to practice psychology. The district court went on to conclude that neither the imposition of the oral examination requirement nor the denial of a hearing on that requirement as applied to Mills, infringed on that property interest. We disagree and find that the district court erred in concluding that Mills has no right to due process when faced with a proceeding which might result in the deprivation of her license to practice psychology.

■ 14. The Fourteenth Amendment protects citizens from deprivations of liberty and property without due process of law. *See Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *see also Board of Educ. of Carlsbad v. Harrell*, 118 N.M. 470, 477, 882 P.2d 511, 518 (1994). As discussed below, professional licenses are considered protected property interests. *See Young v. Board of Pharmacy*, 81 N.M. 5, 9, 462 P.2d 139, 143 (1969). As part of their exercise of police power, the legislature is authorized to impose reasonable regulations on professions which affect public health, morals, and safety, and such regulations do not violate due process. *See State v. Cauthen*, 48 N.M. 436, 440–43, 152 P.2d 255, 256–59 (1944) (recognizing that unreasonable exercise of police power violates due process and upholding regulation as legitimate exercise of police power to promote public health and safety). Substantive due process requires that regulations promulgated according to the grant of police powers, which place a protected property interest at risk, bear a reasonable and valid relationship to public morals, health, or safety. *Id.* Procedural due process requires notice and an opportunity to be heard prior to a deprivation of a protected liberty or property interest. *See Reid v. New Mexico Bd. of Exam'rs in Optometry*, 92 N.M. 414, 416, 589 P.2d 198, 200 (1979) (due process prohibits state from depriving citizens of protected property interests absent hearing before fair and impartial tribunal). The specific requirements of procedural due process depend on the facts of each case, and could encompass any number of the following components: (1) notice of the basis for the government action; (2) a neutral decision maker; (3) the opportunity to orally present a case against the state; (4) the opportunity to present evidence and witnesses against the state; (5) the opportunity to cross-examine witnesses; (6) the right to have an attorney present at the hearing; and (7) a decision based on the evidence presented at the hearing accompanied by an explanation of the decision. *See Harrell*, 118 N.M. at 478, 882 P.2d at 519.

15. The threshold question in evaluating a due process challenge is whether there is a deprivation of liberty or property. *Id.* at 477, 882 P.2d at 518. Protected property interests are those to which an individual has a claim of entitlement. *Id.* Mills faces loss of her license to practice psychology. The right to practice a profession is a constitutionally protected property interest. *See Young,* 81 N.M. at 9, 462 P.2d at 143; *see also Barry v. Barchi,* 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979) (recognizing that individual has property interest in horse training license sufficient to merit protection under the Due Process Clause); *Roberts v. State Bd. of Embalmers & Funeral Dirs.,* 78 N.M. 536, 538, 434 P.2d 61, 63 (1967) ("[I]t is a well-settled rule that the right to practice a profession or vocation is a property right."). Furthermore, the regulations governing psychologists specify the conditions under which the license can be suspended or revoked, indicating that psychologists have a legitimate claim of entitlement to their license. *See, e.g., Barry,* 443 U.S. at 64 n. 11, 99 S.Ct. at 2649 n. 11 (horse trainer has expectation of continued enjoyment of license absent proof of culpable conduct, indicating claim of entitlement to license). There are no relevant regulations which terminate Mills' property interest in her license upon retirement. Thus, due process protections apply to any Board action which might result in a deprivation of Mills' license to practice psychology. *See Harrell,* 118 N.M. at 477, 882 P.2d at 518 (finding that due process protections apply to proceedings which place a liberty or property interest at risk).

16. Although the district court's Order Quashing Certiorari does not utilize the words "substantive due process," it is apparent from the court's ruling that substantive due process arguments were considered and dismissed by that court. Specifically, the court referred to its lack of authority to impose on the Board's discretion when the Board decided to require an oral examination. When evaluating a substantive due process claim involving regulation of a license, we presume that the regulation is constitutional absent proof that the law lacks a reasonable relationship to a legitimate governmental purpose. *See Marrujo v. New Mexico Highway Transp. Dep't,* 118 N.M. 753, 757–58, 887 P.2d 747, 751–52 (1994) (rational basis standard of review applies to economic and social legislation and business and personal activities not involving a fundamental right); *see also Sims v. Board of Educ. of Indep. Sch. Dist. No. 22,* 329 F.Supp. 678, 684 (D.N.M.1971) (courts must evaluate whether regulation has "a real and substantial relation to the object sought to be attained.").

17. Section G of Rule 12, allowing the Board discretion to impose the requirement of passage of an oral examination on an applicant for reinstatement of a retired license, is facially legitimate. The Professional Psychologist Act establishes that the practice of psychology does affect public health, safety, and welfare. *See* § 61–9–2(A). The Legislature granted the Board authority to promulgate rules, *see* § 61–9–6(B)(1), designed to protect the public "from the practice of psychology by unqualified persons and from unprofessional conduct by persons licensed to practice psychology[,]" *see* § 61–9–2(B). Based on this authority the Board promulgated the testing requirement contained in Rule 12. *See New Mexico Dep't of Health v. Ulibarri,* 115 N.M. 413, 415–16, 852 P.2d 686, 688–89 (Ct.App.1993) (recognizing right to promulgate rules in accordance with powers implied by statute provided rules are in harmony with statutory authority). Imposition of an oral examination can assist the Board in assessing a psychologist's current qualifications to practice psychology.

18. While the regulation is rationally related to a legitimate governmental purpose, application of the oral examination requirement to Mills may not comply with due process. At the meeting between the Board and Mills, the Board cited concern over Mills' health as the only obstacle to reinstating her license. An oral examination appears to bear no relevance to Mills' physical health. However, as pointed out by the Board, there was no hearing at which the legitimacy of the oral examination requirement was evaluated. Nor did the district court hear evidence on whether imposition of the oral examination

requirement on Mills was rationally related to a legitimate governmental purpose. Given that this question was not addressed by the Board or the district court, it would be improper for this Court to resolve this due process issue on the record. *See State v. Suazo,* 117 N.M. 794, 798, 877 P.2d 1097, 1101 (Ct.App.1993), *modified on unrelated grounds, In the Matter of Suazo,* 117 N.M. 785, 877 P.2d 1088 (1994). Therefore, we remand this case to the Board for a hearing to evaluate whether imposition of the oral examination requirement on Mills is rationally related to a legitimate governmental purpose. *Id.*

19. Mills' case also raises questions of procedural due process. Given the possibility that Mills will lose her license if required to take the oral examination, procedural due process requires that Mills be provided with notice and an opportunity to be heard prior to implementation of the Board's oral examination requirement. *See Roth,* 408 U.S. at 569–70, 92 S.Ct. at 2705. Procedural due process requirements are not static, and the extent of the hearing required is determined on a case by case basis. *See Harrell,* 118 N.M. at 478, 882 P.2d at 517. We evaluate the type of hearing required by weighing: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the value of additional safeguards; and (3) the governmental interest in imposing the burdens of the procedure at issue. *Id.*

20. In the instant case the Board denied Mills' request for an opportunity to be heard and declined to offer an explanation for imposing the oral examination requirement. Thus, it is apparent that Mills' right to procedural due process was violated. Mills is at risk of losing her license to earn a living in her chosen profession, a significant property interest. *See, e.g., Lowe v. Scott,* 959 F.2d 323, 334 (1st Cir.1992) (finding license to practice medicine property interest protected by due process). The risk of arbitrarily requiring Mills to take an oral examination could be significantly diminished by a hearing assessing the reason for imposing the oral examination. Neither the Board nor the public would suffer from the delay resulting from a hearing, because Mills is unable to treat clients until the hearing has taken place. *See* Rule 12(I) ("No person licensed under the Professional Psychologist Act who has retired shall reactivate practice until receipt of the new license."). Therefore, on remand the Board must allow for a hearing at which a rational justification for the oral examination requirement is established.

## IV

21. We have determined that the district court erred in concluding that it lacked jurisdiction to review the Board's imposition of a discretionary oral examination requirement on Mills prior to reinstatement of her license to practice psychology. The district court had authority to issue a writ of certiorari to address the legality of the Board's decision to impose the oral examination requirement on Mills. We further conclude that both procedural and substantive due process apply to acts of the Board which place a psychologist's license in jeopardy. The Board failed to provide Mills with due process. Thus, we remand this case to the Board for a reinstatement proceeding which conforms to the requirements of due process.

22. **IT IS SO ORDERED.**

FRANCHINI, C.J., and SERNA, J., concur.