This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EASTERN NAVAJO DINÉ AGAINST URANIUM MINING, its individual members, LARRY J. KING and CHRISTINE SMITH,**

Plaintiffs-Appellants,

**v.**                                                    No. 32,447

**DAVID MARTIN, SECRETARY OF THE ENVIRONMENT DEPARTMENT, and the NEW MEXICO ENVIRONMENT DEPARTMENT,**

Defendants-Appellees,

**and**

**HYDRO RESOURCES, INC.,**

Defendant-Intervenor-Appellee.

New Mexico Environmental Law Center
Eric Jantz
Douglas Meiklejohn
R. Bruce Frederick
Santa Fe, NM

for Appellants

Gary K. King, Attorney General
Ryan Flynn, General Counsel

Charls de Saillan, Assistant General Counsel
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiffs appeal from the district court's order dismissing their complaint for declaratory judgment and injunctive relief without prejudice. [RP 657] We proposed to affirm in a notice of proposed summary disposition, and Plaintiffs filed a memorandum in opposition. The New Mexico Environment Department (NMED) filed a memorandum in support. After reviewing the memoranda submitted by Plaintiffs and NMED, we remain of the opinion that summary affirmance is warranted. Therefore, we affirm the district court's order dismissing Plaintiffs' complaint for declaratory judgment and injunctive relief.

The fundamental dispute between the parties is whether Hydro Resources, Inc. (HRI) possesses a valid and enforceable discharge permit which would allow it to discharge chemicals in an underground aquifer into groundwater on certain land categorized as Section 8. [MIO 2-4; DS 2] Plaintiffs contend that the 1989 discharge permit, DP-558, issued by NMED's predecessor agency is no longer valid, and thus NMED is acting improperly in considering the renewal application submitted by HRI. [DS 2, 4-7; MIO 1-2; RP 60-68] Plaintiffs also claim that NMED erred in failing to

2

inform HRI that it is prohibited from engaging in any discharging activities authorized by the 1989 permit. [MIO 3; RP 60-68]

Plaintiffs sought declaratory and injunctive relief against NMED and HRI [RP 60-68], and filed a motion for summary judgment. [RP 180] The district court denied the motion finding that the case was not ripe for review. [RP 581-582] The district court's order states that Plaintiffs' summary judgment motion will be deemed ripe for review if any of the following "triggering events" occur:

1. NMED takes final action on the groundwater discharge permit filed by HRI or the discharge permit renewal application for the Section 8 Site that does not render this case moot;

2. HRI begins construction related to a groundwater injection system for its proposed uranium *in situ* leach mining operation on the Section 8 Site; or

3. HRI orders any materials for the construction of a groundwater injection system for its proposed uranium *in situ* leach mining operation on the Section 8 Site. [RP 582]

The order further provides that NMED "or HRI, as appropriate, shall immediately notify the [district] [c]ourt and the other parties if any of the events listed in clauses 1 through 3 occur." [RP 582] The district court then dismissed Plaintiffs' action without prejudice because "this matter is not ripe for review." [RP 657]

3

As a general rule, the decision to grant or deny declaratory relief is reviewed for abuse of discretion. *See Allstate Ins. Co. v. Firemen's Ins. Co.*, 76 N.M. 430, 434, 415 P.2d 553, 555 (1966); *Starko, Inc. v. Presbyterian Health Plan, Inc.*, 2012-NMCA-053, ¶ 95, 276 P.3d 252. In our notice of proposed summary disposition, we proposed to affirm the dismissal because the case fails to present an "actual controversy" which is required for the district court to "assume jurisdiction in a declaratory judgment action." *New Energy Econ., Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 17, 149 N.M. 42, 243 P.3d 746 (internal quotation marks and citation omitted); *see* NMSA 1978, § 44-6-2 (1975). We recognized that, in order to have an actual controversy "the issue involved must be ripe for judicial determination." *New Energy Econ., Inc.*, 2010-NMSC-049, ¶ 17 (internal quotation marks and citation omitted). Furthermore, "[t]he mere possibility or even probability that a person may be adversely affected in the future by official acts fails to satisfy the actual controversy requirement." *Yount v. Millington*, 117 N.M. 95, 103, 869 P.2d 283, 291 (Ct. App. 1993) (internal quotation marks and citation omitted).

In proposing to affirm, we relied upon the evidence in the record indicating that NMED has yet to act on HRI's renewal permit. [RP 111-112, 251-254] Moreover, even though NMED officials rescinded the letter to HRI stating that the permit renewal application must be approved before HRI could begin mining Section 8, [DS

4

5-6] it did not appear that HRI has taken any steps to begin construction or activity in Section 8.  [DS 7; RP 581-582]  Given that the permit renewal application had not yet been approved and HRI had not taken any action to begin operations on Section 8, we proposed to agree with the district court that this matter is not yet ripe for review and any damage to Plaintiffs' interests are only speculative.  We also proposed to agree that Plaintiffs' action will not be ripe for review until one of the triggering events outlined in the order denying summary judgment transpires.  [RP 581-582] *See Yount*, 117 N.M. at 103, 869 P.2d at 291.  In light of our proposed disposition, we declined to consider the merits of Plaintiffs' declaratory judgment action and request for injunctive relief.  [DS 7, 10-12]

In their memorandum in opposition, Plaintiffs urge us to reverse the district court's dismissal because NMED's determination that DP-558 is valid and enforceable is a "final agency action" which is currently affecting Plaintiffs and because Plaintiffs' rights will be jeopardized unless the matter is adjudicated now. [MIO 5]  We are unpersuaded.

We agree that NMED's determination that the 1989 permit is valid and enforceable is a final determination as to the legal status of the discharge permit. [MIO 6-10]  However, the renewal process is ongoing, [MIS 2] and NMED's determination that the 1989 permit is valid does not adversely impact Plaintiffs unless

5

and until HRI takes steps to begin preparation for discharge. Therefore, we are not persuaded that the mere existence of a legal question that could be answered [MIO 6] requires the district court to consider that question in the absence of evidence showing that Plaintiffs will be impacted by NMED's determination. *See New Energy Econ., Inc.*, 2010-NMSC-049, ¶ 18 ("[E]ven if a purely legal question is presented for declaratory judgment, it is not justiciable unless it is ripe."); *cf. Johnson v. Lally,* 118 N.M. 795, 799, 887 P.2d 1262, 1266 (Ct. App. 1994) (refusing to grant declaratory relief to "answer a hypothetical question of constitutional law" which would not address a party's injury (internal quotation marks and citation omitted)).

In urging reconsideration of our proposed summary disposition, Plaintiffs argue that NMED has not taken any steps to modify or terminate the 1989 permit and HRI could theoretically begin operations under that permit. [MIO 7-11] However, NMED has not yet issued a decision on the renewal permit nor has HRI taken any steps to begin preparations for discharge operations under the 1989 permit. [MIS 2] The 1989 permit was issued over twenty years ago, and HRI may never attempt to begin discharging under that permit. *Cf.* NMSA 1978, § 74-6-5(M) (2009) (recognizing that NMED may terminate or modify a permit before it expires for a number of reasons including a "change in any condition that requires either a temporary or permanent reduction or elimination of the permitted discharge").

6

Moreover, even though HRI could theoretically begin discharge operations pursuant to the 1989 permit, we are not convinced that Plaintiffs' rights are at risk unless and until HRI actually takes steps to begin construction and NMED takes no steps to prevent HRI's activities. [MIO 10-13] *Cf. N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 111 N.M. 622, 630, 808 P.2d 592, 600 (1991) (recognizing that, in considering ripeness, the Court considers "whether further agency decisions may moot some of the contentions, and whether the parties will suffer imminently the effects of the final order"). In light of the fact that HRI has yet to begin any construction and NMED has yet to decide whether HRI's permit will be renewed, we are not convinced that any "cloud" created by NMED's recognition of the continuing validity of the 1989 permit, is of sufficient impact to hold that the district court abused its discretion in refusing to consider Plaintiffs' request for a declaratory judgment or injunction at this juncture. [MIO 11] *Cf. id.* at 629-630, 808 P.2 at 599-600 (stating that "[t]he basic purpose of ripeness law is and always has been to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems" (internal quotation marks and citation omitted)).

Finally, Plaintiffs argue that this case presents facts similar to those presented in *Mills v. State Bd. of Psychologist Examiners*, 1997-NMSC-028, ¶¶ 11-12, 123 N.M.

421, 941 P.2d 502, where our Supreme Court held that the plaintiff's due process claims against the Board of Psychologist Examiners (Board) were sufficiently ripe to be reviewed upon a petition for writ of certiorari. [MIO 13-15] We disagree.

In *Mills*, the Board required the plaintiff to take an oral examination before her license to practice psychology would be reinstated and refused to conduct a hearing on the propriety of that requirement. *See id.* If she passed the exam, her objection to the examination requirement would become moot, and if she failed, the reinstatement of her license might be denied; "[i]n either case [she] would suffer the consequences of taking the examination before any court could evaluate the Board's decision." *Id.* ¶ 12. Because the plaintiff would have to take the exam if the Court rejected her appeal, the Court determined that she had presented an issue that was ripe for review. *Id.*

In this case, Plaintiffs' right to quiet use and enjoyment of their property, the right to exercise their religion, and any derivative rights to ground water, [MIO 13-14] are not at risk until one of the triggering events occurs. Likewise, the potential damage caused by materials that might be ordered and might be delivered before Plaintiffs have an opportunity to return to district court, is too speculative to warrant reversal of the district court's dismissal pursuant to an abuse of discretion standard. *See Starko, Inc.*, 2012-NMCA-053, ¶ 95. [MIO 13-15]

8

In sum, "[i]n the context of a declaratory judgment, the test for what constitutes an actual controversy is whether there is a controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of declaratory judgment." *Yount*, 117 N.M. at 103, 869 P.2d at 291 (internal quotation marks and citation omitted). In this case, Plaintiffs have failed to present an actual controversy because they have failed to make a showing of "adverse legal interests of sufficient immediacy and reality to warrant issuance of declaratory judgment." *Id.*

**CONCLUSION**

For the reasons set forth above as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order dismissing Plaintiffs' complaint for declaratory judgment and injunctive relief without prejudice.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**