This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**HOMER J. AVALOS,**

Petitioner-Petitioner,

v.                                                              **NO. 33,579**

**NEW MEXICO COUNSELING and**
**THERAPY PRACTICE BOARD,**

Respondent-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Barbara J. Vigil, District Judge**

Brennan & Sullivan, P.A.
Michael W. Brennan
Santa Fe, NM

Joan Maureen Waters
Albuquerque, NM

Gary K. King, Attorney General
Mona N. Valicenti, Assistant Attorney General
Santa Fe, NM

for Respondent

**DECISION**

**DANIELS, Justice.**

{1}  In this case case we address the due process considerations in professional disciplinary proceedings under the New Mexico Uniform Licensing Act (ULA), NMSA 1978, Sections 61-1-1 to -33 (1957) (as amended through 2003). Petitioner appeals a licensing board order revoking his professional counseling license because, among other things, he argues he was denied constitutionally protected due process when the licensing board failed to give him personal notice about the meeting where the board considered the case against him and decided to revoke his license. Because New Mexico precedent already sufficiently addresses the due process requirements applicable in administrative adjudications, we issue this nonprecedential Decision pursuant to Rule 12-405(B)(1) NMRA reversing the Court of Appeals, vacating the board's final order, and remanding to the board for further proceedings consistent with this Decision.

**I.    BACKGROUND**

{2}  Petitioner Homer Avalos, a licensed mental health and substance abuse counselor, was the subject of a 2010 New Mexico Counseling and Therapy Practice Board (Board) complaint in which a sixteen-year-old female client (Client) alleged that he sexually assaulted her during a visit to his home office in Chaparral, New Mexico, during the late evening of September 24, 2007.

{3}     It is undisputed that sometime during the early evening of September 24, 2007, Client's mother called Avalos to ask him to perform a urinalysis test for Client, who was supposed to check in with her juvenile probation officer the following morning, in order to demonstrate that Client had not been using drugs. Later that evening, Client went to Avalos's home office, accompanied by her older sister, to provide a urine sample for testing.

{4}     The remaining facts are disputed and were addressed in the witnesses' conflicting testimony presented to a Board-appointed hearing officer during a two-day hearing in August 2009. Client alleges that after she provided the urine sample, Avalos took her to a room in the back of his house where he performed a so-called "stress relaxation test." Client said that Avalos placed headphones and special glasses or goggles on her head and then touched her on the arms, back, shoulders, and breasts while asking her to respond to various questions. Client said that Avalos smelled like alcohol and that, even though she was wearing the special glasses, she saw Avalos pull up his pants and heard him adjust or fasten his belt buckle. Client's sister testified that she waited in another room during the procedure. The sister said that at one point she walked into the back room and saw Client sitting in a chair and Avalos kneeling beside her with his pants unbuckled and his hand on Client's breast. The sister also said Avalos smelled of alcohol.

{5}    When Client's mother heard what happened she called 911 to report the alleged assault.  An officer dispatched to Avalos's house on the same night observed that Avalos smelled like alcohol, appeared extremely nervous, slurred his speech, and had bloodshot eyes.  Avalos denied performing a stress relaxation test on Client; discussing stress with her; having sexual contact with her; or having consumed alcohol, claiming he had been drinking nonalcoholic beer.

{6}    Although criminal charges were never filed, in March 2009 the Board issued a notice of contemplated action (NCA) related to the September 2007 encounter and charging, among other matters not relevant to this appeal, that in the September 2007 encounter Avalos sexually assaulted Client.

{7}    On August 18 and 19, 2009, a Board-appointed hearing officer held a hearing where Avalos appeared and was represented by counsel.  After hearing the live testimony of eight witnesses and Client's video-recorded deposition testimony, the hearing officer filed a report which included detailed summaries of the testimony of the nine witnesses but did not set forth the hearing officer's findings of fact as required by Section 61-1-7(A).  The report did contain a statement specifically noting the hearing officer's "impression that the evidence of sexual touching is insufficient to reach a preponderance in this case."

{8}    On October 22, 2009, two weeks after filing his report, the hearing officer filed

4

an addendum containing twenty-two findings of fact. The addendum did not indicate any changes to the hearing officer's original report. On the same day, the Board issued a public notice of a special Board meeting on November 3, 2009, to discuss Avalos's case. Neither Avalos nor his attorney received personal notice, and they did not attend the meeting, at which the Board discussed and decided Avalos's case. Following the hearing, the Board entered a written order substantially adopting the hearing officer's findings of fact (amending only one finding) and making, in addition, twenty-nine findings of fact and eleven conclusions of law including the conclusion "that there is a preponderance of the evidence to support the allegations [Client] brought forth" against Avalos. The Board ordered that Avalos's license be revoked, that he pay a fine of $2,500, and that he pay $1,632.38 in costs associated with the disciplinary proceedings.

{9} Avalos appealed the Board's order to the district court. The district court affirmed on the basis of "substantial evidence in the record." Avalos appealed the district court's decision to the Court of Appeals, which affirmed in an unpublished memorandum opinion. *See Avalos v. N.M. Counseling &Therapy Practice Bd.*, No. 30,611, mem. op. at 25 (N.M. Ct. App. Mar. 23, 2012) (nonprecedential). We granted certiorari to review the Court of Appeals memorandum opinion. *See Avalos v. N.M. Counseling*, 2012-NMCERT-005, 294 P.3d 446.

## II.    DISCUSSION

{10}    Avalos argues that the Board violated his constitutional due process rights by, among other things, failing to provide a meaningful hearing and procedures to ensure a reliable determination of the facts underlying the charges.  Avalos also argues that the Board's final order is unsupported by substantial evidence because the Board made a contrary determination on the basis of the same testimony the hearing officer heard, disregarding the hearing officer's determination that there was insufficient evidence to support the allegation that Avalos sexually assaulted Client.  Drawing a comparison between relevant provisions of the ULA and the New Mexico rules governing attorney discipline, Avalos relies on New Mexico caselaw involving attorney discipline, including *In re Bristol*, 2006-NMSC-041, ¶ 16, 140 N.M. 317, 142 P.3d 905, to argue that the hearing officer's findings of fact concerning the alleged sexual assault were entitled to deference from the Board.

{11}    We agree that the Board violated Avalos's constitutional due process rights by failing to give him personal notice of its November 2009 meeting.  Because we determine that the Board's resulting order must be vacated in its entirety, we do not address Avalos's remaining claims, which relate to specific portions of the order.

## A.    Standard of Review

{12}    "[This Court] review[s] questions of constitutional law and constitutional rights,

such as due process protections, de novo." *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947.

**B.  The Board Violated Avalos's Procedural Due Process Rights**

{13}  The Board provided personal notice to Avalos about its contemplated disciplinary action.  The Board also gave Avalos personal notice about the scheduled hearing on the matter before a Board-appointed hearing officer.  However, the Board did not provide personal notice to Avalos about the November 2009 meeting where the Board met to consider his case and revoke his license.  Therefore, Avalos argues that the Board violated his due process rights by revoking his license without extending the benefit of a meaningful hearing and procedures to ensure a reliable determination of the facts underlying the charges against him.  We agree.

{14}  Avalos maintains that he did not receive notice of the November 2009 meeting where the Board ultimately decided to revoke his license.  The issue was also before the Court of Appeals, which held that the Board did not violate the notice requirements of NMSA 1978, Section 10-15-1(D) (1999), of the Open Meetings Act by publishing notice of the meeting in a newspaper of general circulation twelve days prior to the meeting instead of providing Avalos personal notice.  *See Avalos*, No. 30,611, mem. op. at 8, 16 ("Avalos had already been afforded notice and an opportunity to be heard based on the requirements of the ULA, and we conclude that

7

there was no additional notice requirement based on the Open Meetings Act."). Thus, we review whether the Board violated Avalos's due process rights when it failed to provide him personal notice of the November 2009 meeting.

**{15}** The United States and New Mexico Constitutions protect citizens from deprivation of liberty and property without due process of law. *See* U.S. Const. amend. XIV, § 1 (providing, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."); N.M. Const. art. II, § 18 (providing similarly that "[n]o person shall be deprived of life, liberty or property without due process of law"). We have long recognized that "professional licenses are considered protected property interests" and therefore that they are subject to due process protections. *See Mills v. State Bd. of Psychologist Exam'rs*, 1997-NMSC-028, ¶ 14, 123 N.M. 421, 941 P.2d 502. "Procedural due process requires notice and an opportunity to be heard prior to a deprivation of a protected liberty or property interest." *Id.*

**{16}** "In general, the right to due process in administrative proceedings contemplates only notice of the opposing party's claims and a *reasonable* opportunity to meet them." *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-013, ¶ 28, 148 N.M. 21, 229 P.3d 494 (internal quotation marks and citation omitted). "[D]ue process is flexible in nature and may adhere to

8

such requisite procedural protections as the particular situation demands." *Id.* (internal quotation marks and citation omitted). "Due process does not require the same form of notice in all contexts; instead, the notice should be 'appropriate to the nature of the case.'" *Maso v. State Taxation & Revenue Dep't, Motor Vehicle Div.*, 2004-NMSC-028, ¶ 10, 136 N.M. 161, 96 P.3d 286 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 313 (1950)). "Actual notice is not required, so long as the notice given is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane*, 339 U.S. at 314)). "[B]ut when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Uhden v. N.M. Oil Conservation Comm'n*, 1991-NMSC-089, ¶ 9, 112 N.M. 528, 817 P.2d 721 (quoting *Mullane*, 339 U.S. at 315). Under certain circumstances involving administrative adjudications, this Court has recognized the inadequacy of "notice by publication to those whose identity and whereabouts [are] ascertainable from sources at hand." *Id.*

{17}    Because the Board designated a hearing officer to preside over the initial hearing, which Avalos did have an opportunity to participate in, the Board did not meet to consider the evidence and reach a final decision in the matter until eleven

9

weeks later, after the hearing officer prepared a written report. Rather than provide Avalos personal notice of the meeting where the Board would address his case and decide whether to revoke his license and on what grounds, the Board issued a public notice announcing a "Special Board Meeting" to discuss and consider Avalos's case. At the meeting, without any input from Avalos or his counsel, the Board made its numerous findings and conclusions in addition to the findings and conclusions made by the hearing officer. Specifically, the Board concluded that a preponderance of the evidence supported the sexual assault allegation even though the hearing officer specifically made a contrary determination. Ultimately the Board decided at the November 2009 meeting to revoke Avalos's license. Neither Avalos nor his counsel was present, and therefore Avalos was unable to challenge the bases for the Board's additional findings or ensure that the Board adhered to ULA procedures for making a decision based on the contents of the hearing officer's report.

{18}     There is no doubt about the adjudicatory nature of the Board's action in this case. Avalos faced the deprivation of his professional license if the Board found substantial evidence to justify the action; the Board's decision pertained only to Avalos; his whereabouts were known to the Board, and he was immediately affected by the Board's decision. *See Uhden*, 1991-NMSC-089, ¶ 7 (observing that an administrative action is an adjudication where the agency action (1) could only be

justified upon a showing of substantial evidence by the party seeking the action, (2) was not of general application but rather pertained to a limited area, and (3) immediately affected a limited number of identifiable persons). Avalos was entitled to personal notice of the date, time, and location of any meeting at which the Board would decide to suspend or revoke his license. *See id.* ¶ 13 (holding that, in an administrative adjudication, if a party's identity and whereabouts are known or ascertainable, due process requires notice "by personal service to such parties whose property rights may be affected as a result" of the adjudication); *cf. Franco v. Carlsbad Mun. Schs.*, 2001-NMCA-042, ¶¶ 6, 14, 130 N.M. 543, 28 P.3d 531 (holding that a school district deprived its employee of procedural due process when it gave the employee a written termination notice and a copy of the state regulations on termination but did not tell him he had the right to present evidence at a special school board meeting, planned for that evening, at which the employee's final termination would be voted on), *recognized by this Court in Lobato v. N.M. Env't Dep't*, 2012-NMSC-002, ¶ 13, 267 P.3d 65. Notice by publication was insufficient in this case.

{19} "[A]ctions to terminate [a constitutionally protected] right must be conducted with scrupulous fairness." *Ronald A. v. State ex rel. Human Servs. Dep't*, 1990-NMSC-071, ¶ 3, 110 N.M. 454, 797 P.2d 243 (1990) ("Procedural due process

11

requires notice to each of the parties of the issues to be determined and opportunity to prepare and present a case on the material issues." (internal quotation marks and citation omitted)). The Board "could have informed [Avalos] of the date of the Board meeting . . . and allowed him sufficient . . . opportunity to address the Board, . . . a process which would have provided him with a meaningful opportunity to challenge the grounds for [revocation]." *Franco*, 2001-NMCA-042, ¶¶ 19-20.

{20} Thus, the Board violated Avalos's due process rights by failing to give Avalos personal notice of the date, time, and location of its adjudicative meeting, and its resulting order must be vacated in its entirety, without prejudice to any further action the Board may take on remand. Because of our resolution, it is unnecessary to address the remaining issues raised by Avalos or discussed by the Court of Appeals, including the circumstances in which the Board may deviate from findings made by a hearing officer and the extent to which it must document for judicial review its reasons for doing so.

**III.   CONCLUSION**

{21} The Board failed to adhere to procedures that would allow a meaningful hearing and a reliable determination of the facts underlying the charges against Avalos. Therefore, without prejudice to any further proceedings that may be conducted in accordance with the requirements set forth in this Decision, we reverse the Court of

12

Appeals and the New Mexico Counseling and Therapy Practice Board and remand to the Board for such further proceedings as it may deem appropriate.

{22}    **IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Justice**

**WE CONCUR:**


_____
**PETRA JIMENEZ MAES, Chief Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


_____
**MICHAEL E. VIGIL, Judge,**
**sitting by designation**

13