This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JANE CARLTON,**

Plaintiff-Appellant,

**v.**                                          **No. 32,796**

**CITY OF ALBUQUERQUE and CITY COUNCIL OF THE CITY OF ALBUQUERQUE,**

Defendants-Appellees,

**consolidated with**

**JANE CARLTON,**

Plaintiff-Appellant,

**v.**

**CITY OF ALBUQUERQUE and CITY COUNCIL OF THE CITY OF ALBUQUERQUE,**

Defendants-Appellees,

**consolidated with**

**AVALON BUILDING GROUP, LLC,**

Plaintiff,

v.

**CITY OF ALBUQUERQUE and**
**CITY COUNCIL OF THE CITY OF**
**ALBUQUERQUE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Landry & Ludewig, L.L.P.
Glenn R. Smith
Stephanie Landry
Albuquerque, NM

for Appellant

Yenson, Lynn, Allen & Wosick, P.C.
Patrick Allen
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Plaintiff Carlton (hereinafter "Plaintiff") appeals from the district court's order dismissing her complaint for lack of ripeness, finality, and the right to appeal. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has

filed a memorandum in opposition to our notice. We have considered Plaintiff's response. We hold that Plaintiff has not demonstrated error, and therefore, we affirm.

{2} In this appeal, Plaintiff raises challenges to actions of the City of Albuquerque ("the City") that could have resulted in the re-zoning of Plaintiff's property that likely would have prohibited her plans to construct a multi-story, high density apartment building in downtown Albuquerque. Significantly, Plaintiff informs this Court for the first time in her memorandum in opposition that the City approved her building plans in March 2013. [MIO 4] Plaintiff's docketing statement was filed in this Court in April 2013. [Ct. App. File] We remind counsel for Plaintiff of the obligation of candor toward this Court. *See* Rule 16-303(A) NMRA. Plaintiff asserts that the fact that the City has approved her plans proves that she was correct in her claims against the City. [MIO 5] We believe that the City's ultimate approval of Plaintiff's building plans supports the district court's conclusion, and this Court's proposed summary affirmance thereof, that Plaintiff's claims were not ripe. *See New Energy Economy, Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 18, 149 N.M. 42, 243 P.3d 746 ("The mere possibility or even probability that a person may be adversely affected in the future by official acts fails to satisfy the actual controversy requirement." (internal quotation marks and citation omitted)). For example, Plaintiff's claim for declaratory and injunctive relief under the 2006 settlement agreement has been rendered moot by the

3

City's approval of her building plans. *See N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 26, 111 N.M. 622, 808 P.2d 592 ("We will not wait for the [agency's] final decision if the issue will return to us without alteration. One factor that weighs heavily on our resolution of these [ripeness and finality] issues is what the [agency] has said it has done and will do.").

{3}     In our notice, we asked Plaintiff to clarify which of her claims were properly brought in her petition for writ of certiorari and which claims were properly brought in this direct appeal, and why. We also noted that Plaintiff did not provide us with sufficient information about the DNA Sector Plan or the Rezoning Resolution to understand the nature and manner of the City's actions and how Plaintiff's claims fit into them. *See, e.g.*, NMSA 1978, Section 3-21-8(A)(2008) ("The zoning authority shall provide by resolution the procedure to be followed in considering appeals allowed by this section."). We further explained that Plaintiff did not give us the full context for the 2006 settlement agreement, upon which her right to non-historic zoning was based, and we questioned whether it could be relied upon for an assertion of vested rights, particularly in light of the fact that Plaintiff had not sought a building permit under the terms of the agreement. [RP 65-72] We pointed out these gaps in the information Plaintiff provided us in an effort to understand the procedure the City followed, how Plaintiff was aggrieved, and how her claims might be ripe absent a

4

final determination from the City on Plaintiff's building plans. We note that the plans were submitted to the City after she initiated the district court suit and after the City enacted the moratorium on zone changes and issuance of building permits. [RP 400-401]

{4}     Whether a claim is properly brought in a petition for writ of certiorari or in a direct appeal and the ripeness of a claim are significant questions for this Court because they are related to and effect our ability to accept and decide the claim. *See, e.g.*, *Mills v. New Mexico State Bd. of Psychologist Exam'rs*, 1997-NMSC-028, ¶¶ 10-11, 123 N.M. 421, 941 P.2d 502 (discussing the two-pronged jurisdictional question presented about the administrative appeal and deciding that the due process claim was properly brought in a petition for writ of certiorari and that the due process claim was ripe for review on the basis that the agency's action was sufficiently final, given that, otherwise, the plaintiff would be denied judicial review); *Manning v. Mining & Minerals Div.*, 2006-NMSC-027, ¶ 54, 140 N.M. 528, 144 P.3d 87 (Minzner, J. dissenting) ("Lack of ripeness, like lack of standing, is a potential jurisdictional defect, which 'may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court.'" (quoting *Gunaji v. Macias*, 2001-NMSC-028, ¶ 20, 130 N.M. 734, 31 P.3d 1008)).

{5} In response to our notice, Plaintiff states that the petition for writ of certiorari was filed "with respect to the dismissal of [her appeal] of the City's zoning actions[,]" and that Plaintiff "had separate claims invoking the original jurisdiction of the district court[.]" [MIO 10] This is not an adequate explanation, and far from the information we need about matters fundamental to the appeal. In response to our requests for specific information, Plaintiff recites paragraphs from her first amended complaint, which we possess in the record proper, and indicates that we should not need any more information given the standard of review for dismissals under Rule 1-012(B)(6) NMRA. [MIO 17-22, 24-27] Plaintiff's response complains that our notice examined the 2006 settlement agreement, suggesting that we should be accepting her factual representations about the applicability of the settlement agreement without trying to understand it. [MIO 29-34] The 2006 settlement agreement, however, is the basis for Plaintiff's direct cause of action in district court for declaratory and injunctive relief and her breach of contract claims.

{6} Courts do not simply accept a party's assertion of jurisdiction without independent examination. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 (stating that where a potential jurisdictional problem is presented at any stage in an administrative proceeding, the appellate court must decide it first before reaching the merits and even should raise the matter sua sponte). We

need to be apprised of basic facts underlying a party's cause of action when they are related to jurisdiction, and courts are entitled to look beyond the complaint to understand whether there is a potential jurisdictional defect. *See, e.g.*, *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1 (permitting the district court to require further information, beyond the complaint, under Rule 1-012(B), to assist in the court's consideration of whether the plaintiff has standing); *S. Union Gas Co. v. N.M. Pub. Util. Comm'n*, 1997-NMSC-056, ¶ 23, 124 N.M. 176, 947 P.2d 133 (Minzner, J., dissenting) ("If the Rule 12(b)(1) motion is a factual attack on the jurisdictional allegations of the complaint – i.e., the truth of the jurisdictional facts alleged by the plaintiff is challenged – the court may receive any competent evidence, such as affidavits, deposition testimony and the like, in order to determine the factual dispute." (citing 2A James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.07[2.-1], at 12-52 (2d ed. 1996))). The matters about which we sought more information – the proper procedure for Plaintiff to raise her various claims, the 2006 settlement agreement, and the City's procedure in re-zoning – were matters before the district court and matters properly before this Court. Regardless of whether her claims are more appropriately reviewable under Rule 1-012(B) or Rule 1-056 NMRA, Plaintiff's refusal to follow our request for more information does not demonstrate that the district court erred by dismissing

for lack of ripeness. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court's were correct; and the burden is on the appellant to clearly demonstrate that the trial court erred).

{7}     To support her position that her claims were ripe, Plaintiff states that her damages claims in the form of attorney fees and the "loss of certain constitutional rights" had already accrued as a result the City's misconduct at the time of the district court's dismissal. [MIO 4-5] As indicated in our notice, however, the City planning and approval process had not concluded when the district court dismissed. Plaintiff does not clarify the factual or legal basis for the damages she seeks or why they arise under the district court's original jurisdiction. Neither does she explain the process instituted by the City or the terms of the DNA Sector Plan or the Rezoning Resolution. And she does not allay our concerns that the 2006 settlement agreement might not provide her with rights that could be immediately vindicated in district court. Given these gaps we have no basis upon which to hold that the district court erred.

{8}     Additionally, Plaintiff refers us to no authority that would permit her to pursue her claims without a final determination from the City on her building plans. We also note that the uncertainty with which Plaintiff leaves us cautions us against going so

8

far as to state that all her claims are moot. Rather, we simply hold that Plaintiff has not established that the district court erred by ruling that her claims lacked ripeness.

{9}     For the reasons stated in this opinion and in our notice, we affirm the district court's dismissal for lack of ripeness.

{10}    **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Chief Judge**

**JAMES J. WECHSLER, Judge**

9