CHÁVEZ, Justice (concurring in part, dissenting in part). {36} I respectfully concur in part and dissent in part with the majority opinion. I agree with the majority opinion that the AFSCME complaint for declaratory judgment is not ripe because AFSCME did not file with the County Labor Board. Maj. op. ¶ 23. After all, if the County Labor Board does not find a prohibited practice under Bernalillo County, N.M., Ordinances Chapter 2, Article III, Section 2-210(a) (1975), AFSCME will not have to argue its case before the Bernalillo County Commission (Commission).[1] However, if the County Labor Board finds that either the Commission or AFSCME are guilty of a prohibited practice, the County Labor Board “shall request that the county commission enter an order against the party guilty of the violation.” Bernalillo Cty.,N.M., Ordinances ch. 2, art. Ill, § 2-211(a) (1975). The majority holds that under such circumstances “AFSCME’s injury still would only actualize if the Commission reversed the Board’s findings.” Maj. op. ¶ 23. I cannot agree with this portion ofthe majority opinion. An actual controversy regarding the significant due process concerns with the procedures in the LMRO would exist once the County Labor Board found a prohibited practice violation. {37} The Commission is a party to the collective bargaining agreement. If the County Labor Board finds the Commission guilty of a prohibited practice, the Commission independently decides whether it was guilty of such a violation. If the County Labor Board finds AFSCME guilty of a prohibited practice violation, the Commission independently decides whether AFSCME was guilty of such a violation. When a party to a contract gets to decide whether either it or the other party breached the contract, this in and of itself raises significant due process concerns. The United States Supreme Court recognized long ago that [a] fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. T o this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. In re Murchison, 349 U.S. 133, 136 (1955). How can a party to a contract who adjudicates whether either it or the other party breached the agreement not have an interest in the outcome? The Commission is the adjudicator in its own case. {38} Especially in this case, where the Commission independently makes its decision-the Commission’s review is not tethered to any standards of review. The Commission gives the evidence the weight it chooses. The Commission does not give any deference to the County Labor Board. The Commission is not limited to deciding whether the County Labor Board was arbitrary. In addition, once the Commission makes its decision, it “may petition the appropriate district court to enforce its decision on the issue.” Bernalillo Cty., N.M., Ordinances ch. 2, art. Ill, § 2-211(a). The ordinance does not address any appeal rights that AFSCME might have. {39} The ordinances under review are one-sided and is unlike any other Bernalillo County ordinances affecting employment relations. For example, a hearing officer is the final arbiter regarding employee discipline matters. See Bernalillo Cty., N.M., Ordinances ch. 2, art. Ill, § 2-99(a) (1998). The hearing officer’s decision is appealable to “district court pursuant to the provisions of the Uniform Arbitration Act, NMSA 1978 § 44-7-22 et. seq.” Section 2-99(i). Code of Conduct Review Board decisions are also appealed directly to the district court. Bernalillo Cty., N.M., Ordinances ch. 2, art. Ill, § 2-134 (2012) (“Any decision of the review board finding a violation of this code, with respect to an elected official, candidate or volunteer may be appealed to the Second Judicial District Court. Any decision regarding an employee shall be covered by the terms of the employment rules and regulations or collective bargaining agreement, as applicable.”). {40} For the foregoing reasons, I concur in part and dissent in part. EDWARD L. CHÁVEZ, Justice I CONCUR: PETRA JIMENEZ MAES, Justice AFSCME should be able to appeal directly to district court under Rule 1-075 NMRA. See Mills v. N.M. Bd. of Psychologist Exam’rs, 1997-NMSC-028, ¶ 10, 123 N.M. 421, 941 P.2d 502.