726 P.2d 1384

**UNIVERSAL COMMUNICATIONS SYS-TEMS, INC., Petitioner-Appellee,**

v.

**Frank B. SMITH, Labor Commissioner of the State of New Mexico, and Labor and Industrial Commission of the State of New Mexico, Respondents-Appellants.**

No. 16038.

Supreme Court of New Mexico.

Oct. 29, 1986.

Paul Bardacke, Atty. Gen., Joel V. Burstein, Special Asst. Atty. Gen., Rose Marie Alderete, Santa Fe, for respondents-appellants.

Arthur A. Greenfield, Albuquerque, for petitioner-appellee.

## OPINION

RIORDAN, Chief Justice.

The University of New Mexico contracted with Universal Communications Systems (UCS), as the lowest bidder, to install a replacement telecommunications system on the university campus. New Mexico Labor and Industrial Commissioner (Commissioner) found that UCS had failed to comply with a wage determination and directed UNM as the contracting agency to withhold the sum of $173,596.84. UCS appealed the Commissioner's certification to the New Mexico Labor and Industrial Commission sitting as the appeal board. The Commission affirmed the Commissioner's findings. UCS filed a petition in district court to review the Commission's decision and the district court reversed. The Commissioner appeals to this Court and we affirm.

In their contract with UNM, UCS agreed "to design, engineer, have manufactured, furnish and install a communications system" and to abide by the Public Works Minimum Wage Act, NMSA 1978, Section 13–4–11 through –17 (Repl.Pamp.1985) (Act), as it applies to the work to be performed. Before the project was started, the Commissioner submitted wage determinations for the various classifications of employees. Upon review of the payroll submitted by UCS and through on-site investigations, during the time the work was being performed, the Commissioner determined that some employees of UCS who were paid as unskilled laborers were performing work done by "telephone installers." And some employees who were paid as "telephone installers" were performing work done by "telephone technicians" as defined by the Commissioner. Based upon this review, the Commissioner certified to UNM that UCS had paid its employees in violation of the Act. The Commissioner then directed UNM to withhold the sum of $173,596.84 from UCS. UCS contends that the project is not governed by the Act and

the Commissioner's wage determination would not apply.

The issue we address is whether the Act and specifically Section 13–4–11 would apply to the contract between UNM and UCS. Section 13–4–11 states that:

[E]very contract in excess of twenty thousand dollars ($20,000.00), to which the state or any political subdivision thereof is a party, for construction, alteration, demolition or repair, or any combination of these, including painting and decorating of public buildings, ... shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the chief of the labor and industrial bureau....

The question for the Court to determine is whether the installation of telecommunications system at UNM falls under the definition of "construction, alteration, demolition, or repair, or any combination of these, including painting and decorating."

This Act is very similar to the federal Davis-Bacon Act, 40 U.S.C. § 276a et seq. (1982). The purpose of the wage statute is to ensure that employees of contractors working on state and federal projects are protected from substandard earnings. *Walsh v. Schlecht*, 429 U.S. 401, 411, 97 S.Ct. 679, 686, 50 L.Ed.2d 641 (1977). Statutes such as these are intended to protect the workers for any difference between locally prevailing wages and wages actually received. *Glynn v. Capletti Bros., Inc.*, 621 F.2d 1309, 1315 (5th Cir.1980). The statute also prevents the importation of cheap labor. *See generally id.* at 1315.

UCS sold and delivered telecommunication equipment for the system, installed it in the existing UNM buildings, and interconnected the system to the outside Mountain Bell cables. The interconnect cables were installed in the tunnels under the University that led to intermediate distribution frames which are connections to and between phones in each building. The system services the nine thousand individual

telephones or handsets that were installed throughout the University. There was nothing in the way of erection or alteration of any University building or structure. The cables were run through existing tunnels, and the cabinets which housed the computer and switching equipment were bolted to the floor of the telecommunication building which was owned by the University. The wires were run through existing conduit which are typically installed at the time a building is constructed. In the few cases where the conduit did not already exist, UCS covered the wire with a plastic molding.

New Mexico case law states that construction has occurred when the structure of the building is so completely changed that it could properly be called a new building. *Board of Commissioners of Guadalupe County v. State,* 43 N.M. 409, 94 P.2d 515 (1939). Construction is the creation of something new, according to Black's Law Dictionary 283 (Rev.5th Ed.1979). Alteration is the variation changing and making different of a thing from one form or state to another. It makes a thing different from what it was without destroying its identity. Black's Law Dictionary 71. *Fleming v. Phelps-Dodge Corp.,* 83 N.M. 715, 716, 496 P.2d 1111, 1112 (1972), states that alteration has a "meaning other than constructing, repairing, *installing* or demolishing, otherwise all of the words would not have been used in the statute." (Emphasis added.) The installation of a telecommunications system would not come within the meaning defined by case law for "construction" or "alteration." In reviewing the record, UCS did not construct or alter the structures at UNM. Even interpreting Section 13–4–11 liberally, the work done by UCS cannot be brought within this statute. We determine that the installation of the telecommunications system is not construction, alteration, demolition or repair, or any combination of these.

In conclusion, this Court holds that the installation work done by UCS is not cover-ed under Section 13–4–11. The findings made by the district court are affirmed.

SOSA, Sr. J., and WALTERS, J., concur.