2004-NMSC-028

96 P.3d 286

**Raphael MASO, Plaintiff–Petitioner,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Defendant–Respondent.**

No. 28,480.

Supreme Court of New Mexico.

July 14, 2004.

Anthony James Ayala, Albuquerque, for Petitioner.

Julia Belles, Santa Fe, for Respondent.

**OPINION**

CHÁVEZ, Justice.

{1} Petitioner Raphael Maso appeals from an opinion of the Court of Appeals which held that an English-language notice of a license-revocation proceeding that had been personally served on a Spanish-only speaker when he was arrested for driving under the influence of alcohol satisfies due process. On appeal to this Court, Petitioner argues for the first time in the course of these proceedings that we should grant greater protection under the due process clause of Article II, Section 18 of the New Mexico Constitution than is recognized under the due process clause found in the Fourteenth Amendment to the United States Constitution. We hold that Petitioner failed to preserve his state constitutional argument for an appellate determination. Because we also hold that the Court of Appeals correctly analyzed the notice requirement under the federal constitution, we affirm.

## I. Facts and Proceedings

{2} On December 8, 2001, Albuquerque Police stopped Petitioner at a sobriety checkpoint and arrested him for driving under the influence of alcohol, contrary to NMSA 1978, § 66–8–102 (1999, prior to 2002 and 2003 amendments). Petitioner took a breath test which resulted in a .17 reading, more than twice the legal limit. He speaks and reads little to no English. Upon his arrest, as required by NMSA 1978, § 66–8–111.1 (1993, prior to 2003 amendments), the arresting officer served Petitioner with a notice of revocation which informs him, in English, that his driving privileges will be revoked in twenty days unless he requests a hearing in writing within ten days of service of the notice. Petitioner did not file his request for a hearing until well after the ten days had expired. His attorney sent a letter dated January 5, 2002, but postmarked January 7, 2002, requesting a hearing and explaining that his client "is a Spanish speaker and did not understand the Notice of Revocation or the fact that he had to submit his request within ten days." On January 9, 2002, the Motor Vehicle Division of the Taxation and Revenue Department issued a standard form

letter rejecting Petitioner's request for a hearing on the grounds that the request was not made within ten days.

{3} Petitioner appealed the decision to the district court, which concluded that the denial of the hearing did not violate due process. Petitioner then appealed to the Court of Appeals, which affirmed the district court's decision. The Court of Appeals held that "English-language notice regarding administrative revocation is compatible with due process when it is personally delivered to a driver during the course of his arrest for driving under the influence." *Maso v. State of New Mexico Taxation and Revenue Dep't,* 2004–NMCA–025, ¶ 21, 135 N.M. 152, 85 P.3d 276. The Court of Appeals also affirmed the district court's determination that the personal delivery of an English-language notice "satisfies due process, regardless of whether [Petitioner] understood English, because under the circumstances a reasonable driver who did not understand the contents of the notice would inquire further." *Id.* ¶ 20.

{4} Petitioner filed a petition for writ of certiorari to this Court, raising only one issue: "whether, given the distinctive characteristics of New Mexico's population, the Court of Appeals properly found that English language notice regarding administrative revocation is compatible with due process when it is personally delivered to a Spanish-only speaking individual." Despite this general reference to "due process," Petitioner's only argument to this Court is that we should grant greater protections under the state constitution's due process clause, N.M. Const. art. II, § 18, than under its federal counterpart. Indeed, Petitioner agrees that the federal constitution does not protect the right that he is seeking in this appeal: the right to have notice of a license-revocation proceeding which has been personally served on him printed in both Spanish and English.

## II. State Due Process Claim

■ {5} Under Rule 12–216(A) NMRA 2004, in order to preserve a claim for appellate review, "it must appear that a ruling or decision by the district court was fairly invoked." In *State v. Gomez,* 1997–NMSC–006, 122 N.M. 777, 932 P.2d 1, we clarified how, under our interstitial approach to interpreting the State Constitution, a party must fairly invoke a ruling that our constitution provides greater protection than its federal counterpart. If the relevant state constitutional provision has previously been interpreted to provide greater rights, the litigant need only: "(1) assert[ ] the constitutional principle that provides the protection sought under the New Mexico Constitution, and (2) show[ ] the factual basis needed for the trial court to rule on the issue." *Id.* ¶ 22. Where, however, there is no established precedent for interpreting the relevant state constitutional provision differently from its federal counterpart, "a party also must assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." *Id.* ¶ 23. Although *Gomez* was a criminal case, its preservation requirement is an interpretation of Rule 12–216 of the Rules of Appellate Procedure, and we can see no reason why it should not apply to a constitutional argument concerning a license-revocation proceeding. For the following reasons, we hold that Petitioner has not satisfied the *Gomez* requirements for preserving his argument under the state due process clause.

■ {6} In both his initial pleading to the district court, styled a "petition for writ of certiorari," and his subsequent statement of appellate issues, Petitioner did not mention the state constitution, but instead argued that the denial of a hearing violated his "right to procedural due process" because he cannot be said to have knowingly and intelligently waived his right to the hearing when he did not understand the notice. The district court rejected this argument, concluding that Petitioner was on "inquiry notice" when he received the English notice, which required him to take steps to have the notice translated. Having failed to do so, he cannot complain that he did not knowingly and intelligently waive his right to the hearing.

{7} In his brief-in-chief to the Court of Appeals, Petitioner made assertions relating to New Mexico's unique characteristics, but

did not refer to the state constitution or argue that it should provide greater protections than the federal constitution. Instead, Petitioner simply argued that, because the notice requirement of due process requires that efforts at notice be appropriate to the circumstances, New Mexico's unique characteristics are relevant to that inquiry. Significantly, in his reply brief to the Court of Appeals, Petitioner for the first time describes the demographic composition of New Mexico's population, citing to the United States Census.

{8} Thus, Petitioner's argument that the New Mexico Constitution should offer greater protections than the federal constitution is made for the first time to this Court. Under Rule 12–216(A) and *Gomez*, this argument was not preserved for appellate review, and we decline to address it. Indeed, this case perfectly illustrates the purposes behind the *Gomez* preservation requirement. As part of the argument that New Mexico has "distinctive state characteristics" that should result in a different interpretation of the State Constitution, *Gomez*, 1997–NMSC–006, ¶ 19, 122 N.M. 777, 932 P.2d 1, Petitioner cites demographic data from the 2000 Census to argue that New Mexico is a predominately Spanish-speaking state. The State, however, disputes both Petitioner's figures and his interpretation of them. Because Petitioner did not pursue this argument in the district court, the Census numbers are not a part of the record on appeal, nor are findings of fact resolving the disputed significance of those figures. We thus have no way of resolving this factual dispute, which, under *Gomez*, should have been brought first to the district court.

### III. Federal Due Process Claim

■ {9} Because we decline to address Petitioner's new state constitutional argument, we next decide whether the Court of Appeals correctly determined that the federal due process clause does not require a

hand-delivered notice of license revocation be printed in both English and Spanish.[1] As noted, Petitioner, in the course of arguing for greater protections under the state constitution essentially conceded that the federal constitution would not require the notice be printed in Spanish. We agree.

■ {10} Due process requires notice and an opportunity for a hearing before the State can suspend or revoke a person's driver's license. *State v. Herrera*, 111 N.M. 560, 562, 807 P.2d 744, 746 (Ct.App.1991); *see also Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Due process does not require the same form of notice in all contexts; instead, the notice should be "appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Actual notice is not required, so long as the notice given is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. 652; *see also City of Albuquerque v. Juarez*, 93 N.M. 188, 190, 598 P.2d 650, 652 (Ct.App. 1979) (requiring notice that is reasonably calculated to be effective "without imposing unrealistically heavy burdens on the party charged with the duty of notification") (quotation marks and quoted authority omitted), *overruled on other grounds by Herrera*, 111 N.M. at 565, 807 P.2d at 749.

{11} As is required by the Implied Consent Act, *see* § 66–8–111.1, Petitioner was personally served at the time of his arrest with the notice of revocation which informed him, in English, that his license would be revoked in twenty days unless he requested a hearing within ten days. He does not complain that the notice was untimely or that the content of the notice would be insufficient to apprise an English-speaker of the right to a pre-deprivation revocation hearing upon request.[2] Thus, unlike those cases where the

---

1. We recognize that, under our interstitial approach to state constitutional interpretation, we ordinarily first address whether the federal constitution protects the right asserted. *See Gomez*, 1997–NMSC–006, ¶ 19, 122 N.M. 777, 932 P.2d 1. Because, however, Petitioner bases his entire

appeal to this Court on the new and unpreserved argument that the state constitution should be interpreted more broadly, we chose to address that argument first.

2. Nor did Petitioner raise any constitutional issue regarding the requirement that the request

notice was achieved by publication or a mailed letter which never arrived, Petitioner received actual notice of the revocation proceeding. The very narrow question we face in this case is whether the hand-delivered notice whose contents would sufficiently apprise an English-speaker of the revocation hearing violates the federal due process clause because it is not also printed in Spanish. Because of the nature of the hearing at issue, and because we agree with the Court of Appeals that a reasonable person in Petitioner's situation would have the notice translated, we conclude that the hand-delivered English-only notice is "appropriate to the nature of the case," and "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 313–14, 70 S.Ct. 652.

■ {12} A license-revocation proceeding is distinct from a criminal trial for driving under the influence. Under the Implied Consent Act, the purpose of the revocation proceeding is "to protect the public by promptly removing from the highways those who drive while intoxicated." *Bierner v. Taxation & Revenue Dep't*, 113 N.M. 696, 699, 831 P.2d 995, 998 (Ct.App.1992). Thus, findings made in revocation hearings are not given preclusive effect in a subsequent criminal trial because doing so would "slow down what should be a summary administrative proceeding designed to handle license revocation matters quickly." *State v. Bishop*, 113 N.M. 732, 735, 832 P.2d 793, 796 (Ct.App. 1992). A license-revocation hearing must be held no later than ninety days after the notice of revocation, NMSA 1978 § 66–8–112(C) (1993, prior to 2003 amendments), and that time limit has been interpreted as mandatory and not waivable, *Taxation & Revenue Dep't v. Bargas*, 2000–NMCA–103, ¶ 15, 129 N.M. 800, 14 P.3d 538 (Ct.App.2000). The hearing itself was limited by Section 66–8–112(E) to the following issues:

(1) whether the law enforcement officer had reasonable grounds to believe that the person had been driving a motor vehicle within this state while under the influence of intoxicating liquor;

(2) whether the person was arrested;

(3) whether this hearing is held no later than ninety days after notice of revocation; and either

(4)

  (a) whether the person refused to submit to a test upon request of the law enforcement officer; and

  (b) whether the law enforcement officer advised that the failure to submit to a test could result in revocation of the person's privilege to drive; or

(5)

  (a) whether the chemical test was administered pursuant to the provisions of the Implied Consent Act; and

  (b) whether the test results indicated an alcohol concentration of eight one-hundredths or more in the person's blood or breath if the person is twenty-one years of age or older, or an alcohol concentration of two one-hundredths or more in the person's blood or breath if the person is less than twenty-one years of age.

Although a party may raise constitutional issues to the district court which the hearing officer could not address, review of the statutory issues is typically limited to whether "reasonable grounds exist for revocation or denial of the person's license or privilege to drive based on the record of the administrative proceeding." § 66–8–112(H).

{13} Given the summary nature of a license-revocation hearing, and its limited effect, we agree with the Court of Appeals that an English-language notice of the proceeding which was personally served satisfies due process, even if that person does not read English. Specifically, such notice satisfies due process because a reasonable person who has received the notice during an arrest for driving while intoxicated would inquire further and have the notice translated. In a

---

for a hearing be made in ten days or the lack of a provision for an extension of time. We therefore

do not address those questions.

different administrative context, the Court of Appeals has rejected a claim of inadequate notice of a planned billboard where the claim was based on the fact that the landowners objecting to the billboard could not understand the description of its location in the notice provided them. *See Bogan v. Sandoval County Planning & Zoning Comm'n,* 119 N.M. 334, 890 P.2d 395 (Ct.App.1994). In so doing, the Court of Appeals held that "where circumstances are such that a reasonably prudent person should make inquiries, that person is charged with knowledge of the facts reasonable inquiry would have revealed." *Id.* at 341, 890 P.2d at 402. Likewise, we hold that where a person has been arrested for driving while intoxicated and has been personally served with papers, a reasonable person who did not understand those papers would seek to have them translated or explained.

 {14} We therefore agree with those cases from other jurisdictions that have held that an English-language notice puts the non-English-speaker on inquiry notice to have the notice translated and, for that reason, satisfies due process. *See, e.g., Soberal–Perez v. Heckler,* 717 F.2d 36, 43–44 (2d Cir.1983); *Guerrero v. Carleson,* 9 Cal.3d 808, 109 Cal.Rptr. 201, 512 P.2d 833, 835–37 (1973); *People v. Villa–Villa,* 983 P.2d 181, 182–83 (Colo.Ct.App.1999); *Alonso v. Arabel, Inc.,* 622 So.2d 187, 188 (Fla.Dist.Ct.App. 1993); *Hernandez v. Dep't of Labor,* 83 Ill.2d 512, 48 Ill.Dec. 232, 416 N.E.2d 263, 266–67 (1981); *Vasquez v. State,* 700 N.E.2d 1157, 1159 (Ind.Ct.App.1998). Like the Court of Appeals, however, we do not accept all the reasoning advanced in some of those cases, particularly the argument that English is always adequate because this is an English-speaking country. *See, e.g., Guerrero,* 109 Cal.Rptr. 201, 512 P.2d at 835. Indeed, our state constitution and statutes recognize the need for Spanish in some circumstances and the use of Spanish in other contexts. *See* N.M. Const. art. XII, § 8 (providing that the legislature shall provide for the training of teachers in public schools in English and Spanish to qualify them to teach English to Spanish-speaking students); N.M. Const. art. XX, § 12 ("For the first twenty years after this constitution goes into effect all laws

passed by the legislature shall be published in both the English and Spanish languages and thereafter such publication shall be made as the legislature may provide."); NMSA 1978, § 14–11–11 (1923) (requiring publication of certain local proceedings and providing that when the local population is "not less than seventy-five percent Spanish speaking" publication in Spanish is sufficient). None of those provisions require Spanish-language notice in this context, and for that reason they do not alter the federal constitutional analysis.

### IV.   Conclusion

{15} Because Petitioner first asserts his state constitutional claim to this Court, we hold that the argument is not properly preserved, and we do not reach it. Further, we affirm the Court of Appeals, which held that the federal due process clause does not require that the notice of an administrative license-revocation hearing which has been personally served upon a person arrested for driving while intoxicated be provided in both English and Spanish.

{16}   **IT IS SO ORDERED.**

MAES, Chief Justice, MINZNER, SERNA and BOSSON, Justices, concur.