IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2014-NMCA-083

Filing Date: June 2, 2014

Docket No. 32,758

IN THE MATTER OF RESCISSION OF PRIOR
DETERMINATION RELATING TO SANDIA
FOUNDATION CONSTRUCTION PROJECTS

VINCENT R. GARCIA, ROBERTO BORBON,
MARK MORAN, and KENNETH A. ZIEGLER,
on behalf of themselves and all others similarly
situated,

      Petitioners-Appellants,

v.

THE BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO, SANDIA FOUNDATION,
ENTERPRISE BUILDERS, and the NEW MEXICO
LABOR AND INDUSTRIAL COMMISSION OF THE
NEW MEXICO DEPARTMENT OF WORKFORCE
SOLUTIONS, LABOR RELATIONS DIVISION,

      Respondents-Appellees.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie M. Huling, District Judge

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Petitioners-Appellants

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Thomas L. Stahl
Edward Ricco
Albuquerque, NM

1

for Respondents-Appellees Board of Regents of the University of New Mexico

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
George R. McFall
Sarah M. Stevenson
Albuquerque, NM

for Respondents-Appellees Sandia Foundation

Bingham Hurst & Apodaca, P.C.
Wayne E. Bingham
Albuquerque, NM

for Respondents-Appellees Enterprise Builders Corporation

Office of the New Mexico Attorney General
P. Cholla Khoury, Assistant Attorney General
Santa Fe, NM

for Respondents-Appellees New Mexico Labor &
Industrial Commission of the New Mexico Department
of Workforce Solutions

Morrisey & Lewis
Jason J. Lewis
Albuquerque, NM

for Secretary for Department of Workforce Solutions, Celina Bussey

**OPINION**

**BUSTAMANTE, Judge.**

{1}     In this case, we are asked to determine whether an administrative tribunal erred in granting a motion to dismiss Petitioners' appeal on the ground that it was untimely filed. The district court affirmed the dismissal. The question arose after the Secretary of the Department of Workforce Solutions (Secretary) issued a determination that two construction projects were not subject to the Public Works Minimum Wage Act (PWMWA). The PWMWA provides that appeals of such a determination must be filed within fifteen days of the issuance of the determination or notice thereof. *See* NMSA 1978, § 13-4-15(A) (2009). The parties do not dispute that the appeal was filed more than fifteen days after the Secretary issued the determination. Rather, Petitioners contend that the Secretary's notice of the determination was insufficient to trigger the appeal deadline and that the lower court erred in upholding the dismissal. We disagree and affirm.

2

**BACKGROUND**

**{2}** The PWMWA serves "to ensure that employees of contractors working on state . . . projects are protected from substandard earnings." *Universal Commc'ns Sys., Inc. v. Smith*, 1986-NMSC-076, ¶ 4, 104 N.M. 754, 726 P.2d 1384. Under the PWMWA, every contract for construction or alteration of public buildings or public works in excess of sixty thousand dollars that involves mechanics or laborers or both must comply with minimum wage standards set by the Director of the Labor Relations Division (the Division). *See* § 13-4-11(A), (B); *Universal Commc'ns Sys., Inc*, 1986-NMSC-076, ¶ 3. The Division is part of the New Mexico Department of Workforce Solutions (the Department). *See* NMSA 1978, § 9-26-4(D) (2007) (stating that the Department includes the Division).

**{3}** In April and June 2009, the Director certified that two projects undertaken by the Board of Regents of the University of New Mexico, Sandia Foundation, and Enterprise Builders (collectively, the Builders) were public works projects subject to the PWMWA. The Builders appealed the Director's determination to the Labor and Industrial Commission (the Commission) as provided by Section 13-4-15(A) of the PWMWA. The Builders' appeal was later dismissed as a condition of a November 2010 settlement agreement between the Builders and the Division in which the Builders agreed to pay over $930,000 to workers on the projects. When no payments had been made by May 2011, Petitioners, acting on behalf of themselves and others similarly situated, filed suit in district court to enforce their rights under the settlement agreement.

**{4}** While that suit was pending, the Secretary issued a letter on December 6, 2011, reversing the Director's determination that the PWMWA applied to the two projects. Specifically, the letter stated, "[I]t is the Department's position that neither project constitutes a public works project for purposes of the PWMWA. The Department therefore rescinds the Division's previous certifications of both projects as public works." It further stated that "[g]iven that the Department is withdrawing the certifications . . ., the Department will require no further action on these matters and will not enter into the contemplated settlement agreement[]."

**{5}** The letter was sent to the attorney for Sandia Foundation. On the same day, that attorney forwarded the letter to Petitioners' attorney.

**{6}** On February 3, 2012, Petitioners filed an appeal of the Secretary's determination to the Commission. *See* § 13-4-15(A) (permitting "[a]ny interested person" to appeal any determination to the Commission within fifteen days of the determination or notice thereof). The Builders and the Secretary moved to intervene and for dismissal of the appeal because it was untimely. In response, Petitioners argued that the Secretary's letter to one of the Builders was insufficient to provide notice of the determination and therefore did not trigger the appeal deadline. After a hearing, the Commission found that "[i]t is undisputed that counsel for [Petitioners] received actual notice of the Secretary's decision via email on December 6, 2011" and concluded that, since the appeal was filed more than fifteen days

3

from that date, the appeal was untimely.

**{7}** Petitioners appealed the Commission's decision to the district court. The district court concluded that the Commission's decision "was consistent with the law, was supported by substantial evidence, and was neither arbitrary nor capricious" and affirmed. *See* Rule 1-074(R) NMRA (stating that the district court shall consider whether a decision by an administrative body was (1) fraudulent, arbitrary, or capricious; (2) supported by substantial evidence; (3) outside the scope of authority of the agency; or (4) otherwise not in accordance with law). Petitioners then petitioned for a writ of certiorari from this Court, which was granted.

**DISCUSSION**

**{8}** Petitioners make the same two basic arguments here that they made below. Specifically, they first maintain that the notice did not comply with the statutory requirements for notice under the PWMWA because the letter was signed by the Secretary rather than the Director, because it did not contain language stating that it was an appealable determination, and because it generally was insufficient to reflect a final agency action. They argue that these failures rendered the notice inadequate to trigger the fifteen-day deadline for appeal. Second, they argue that delivery of the letter only to one of the Builders violated their right to due process because that delivery method was not reasonably calculated to provide notice to all interested parties. *See Cordova v. State, Taxation & Revenue, Prop. Tax Div.*, 2005-NMCA-009, ¶ 29, 136 N.M. 713, 104 P.3d 1104 (stating that the relevant inquiry is whether the agency used a "method of service reasonably calculated to result in [the interested parties'] actual receipt of the notice").

**{9}** We begin by addressing whether the Secretary's letter failed to comply with statutory requirements found in the PWMWA. As to this issue, we "conduct the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 10, 135 N.M. 30, 84 P.3d 78 (internal quotation marks and citation omitted); *see* NMSA 1978, § 39-3-1.1(D) (1999) (stating the standard of review for district court review of an administrative decision); Rule 1-074(R) (same). Thus, we, too, examine the Commission's decision to determine if it was arbitrary and capricious, not supported by substantial evidence, or not in accordance with law.

**{10}** Petitioners argue that the statute requires determination letters to be signed by the Director of the Division. They base this position on the fact that Section 13-4-15(A) states that an appeal lies from a decision of the director and that "director" is defined in the statute as the director of the division. *See* NMSA 1978, § 13-4-10.1(A) (2009) (defining "director"). We are unpersuaded for two reasons. First, the Director reports to the Secretary. *See* NMSA 1978, § 9-1-4(A)(2) (1977) (stating that division directors serve at the pleasure of the secretary). Second, the Secretary "has every power expressly enumerated in the laws whether granted to the secretary or the department or any division of the

4

department." NMSA 1978, § 9-26-6(B) (2007); *see* NMSA 1978, § 9-26-13 (2007) ("[T]he carrying out of th[e] powers and duties [of the director] shall be subject to the direction and supervision of the secretary, and the secretary shall retain the final decision-making authority and responsibility in accordance with the provisions of . . . Section [9-26-6] of the Workforce Solutions Department Act."). Since the Secretary wields the same powers granted by the Legislature to the Director and is the Director's supervisor, we discern no violation of the PWMWA in issuance of a determination by the Secretary.

**{11}** Similarly, we conclude that there was no violation of the statute in the contents of the letter. Contrary to Petitioners' arguments, the PWMWA does not require that a notice of determination must state that it is a final appealable action by the agency, nor does it require that recipients be told of any requirements for appeal. *See* NMSA 1978, §§ 13-4-10 to -17 (1937, as amended through 2011) (the PWMWA). The letter refers to the "ongoing settlement negotiations" and the first determination letters issued by the Director. It also names the two projects to which it applies. Thus, to the extent that Petitioners argue that the letter lacked sufficient information to indicate that it was a final appealable action related to these projects, we disagree.

**{12}** We turn next to Petitioners' argument that their right to due process was violated because the Secretary sent the letter only to one of the Builders instead of to all interested parties, including the workers who stood to benefit from the settlement agreement. *See* U.S. Const. amend. XIV (stating that no state may "deprive any person of life, liberty, or property, without due process of law"). "The question of whether an individual was afforded due process is a question of law that we review de novo." State ex rel. Children, Youth & Families Dep't v. Mafin M., 2003-NMSC-015, ¶ 17, 133 N.M. 827, 70 P.3d 1266.

**{13}** We certainly agree with Petitioners that it was not good form to send the letter only to one of the Builders. Had the letter not been immediately forwarded to counsel for Petitioners we would have a different issue and likely a different outcome. But the letter was forwarded and Petitioners knew of its existence and contents on the same day as the Builders. The due process analysis must take this actual knowledge into account.

**{14}** We conclude that there was no violation of Petitioners' rights because the letter constituted notice sufficient to prompt them to inquire into the letter's effect. Our courts have relied on this principle in several settings. For example, in *Bogan v. Sandoval County Planning & Zoning Commission*, 1994-NMCA-157, ¶ 25, 119 N.M. 334, 890 P.2d 395, this Court considered whether the plaintiffs had received adequate notice of a hearing where notice of a hearing containing a description of proposed billboard locations was sent by certified mail to each plaintiff. *See id.* ¶ 9. The plaintiffs argued that the notice of the hearing was inadequate. *See id.* ¶ 2; *see also Maso v. State, Taxation & Revenue Dep't*, 2004-NMSC-028, ¶ 13, 136 N.M. 161, 96 P.3d 286 (summarizing the plaintiffs' argument). The Court reviewed the notice and concluded that it adequately described the locations to be discussed at the hearing. *See Bogan*, 1994-NMCA-157, ¶ 24. In addition, it held that even if the notice was lacking, it was sufficient notice to trigger the appeal deadline because

it would prompt a reasonable person to investigate further. *See id.* ¶ 25 ("[W]here circumstances are such that a reasonably prudent person should make inquiries, that person is charged with knowledge of the facts reasonable inquiry would have revealed."). Similarly, in *Maso*, the Court held that an English-language form instructing the defendant how to appeal an arrest for driving while intoxicated did not violate due process principles even when the defendant spoke only Spanish. 2004-NMSC-028, ¶ 13. It held that "such notice satisfies due process because a reasonable person who has received the notice during an arrest for driving while intoxicated would inquire further and have the notice translated." *Id.*

**{15}** Here, as discussed above, the letter provided to Petitioners referenced the two projects at issue, mentioned the settlement negotiations, and noted the two previous determination letters. In addition, the letter stated that the Department was "withdrawing the certifications" and "require[d] no further action on these matters." As in *Bogan* and *Maso*, this notice was sufficient to alert Petitioners that they should investigate its effect on their rights. We conclude, therefore, that Petitioners' due process rights were not violated and affirm the dismissal of Petitioners' appeal.

**CONCLUSION**

**{16}** For the foregoing reasons, we conclude that the Commission's dismissal of the appeal was not arbitrary or capricious, was supported by substantial evidence, and was in accordance with the law. We affirm the dismissal of Petitioners' appeal on the ground that it was untimely.

**{17}** **IT IS SO ORDERED.**

 

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**

6