This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 34,505**

**CHRISTINA MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Joseph Sullivan
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from her convictions for driving under the influence and

careless driving following a de novo bench trial in the Valencia County District Court. On appeal, Defendant contends that the district court erred in denying her motion for directed verdict for lack of jurisdiction. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. Because we remain unpersuaded by Defendant's arguments, we affirm.

{2} Defendant contends that the Valencia County Magistrate Court did not have jurisdiction to hear the criminal complaint against her, because Defendant's single-car accident occurred in Bernalillo County. While Defendant acknowledges that NMSA 1978, Section 35-3-6(A) (2007) provides jurisdiction to magistrate courts for violations of laws involving motor vehicles that occur in adjacent counties, Defendant argues that the Valencia County Magistrate Court did not have jurisdiction because Defendant was not provided an opportunity to move for a change of venue to Bernalillo County.

{3} In this Court's calendar notice, we acknowledged that an adjacent county's jurisdiction is dependent on a defendant being "entitled to a change of venue to the district court where the cause of action arose if the defendant so moves[.]" [CN 3 (citing Section 35-3-6(A))] To the extent Defendant argued that jurisdiction could not lie in Valencia County Magistrate Court because the complaint incorrectly stated the accident occurred in Valencia County, we proposed to conclude that the statute did not

2

make jurisdiction merely dependent on notice of the place where the criminal action occurred. [CN 3] Instead, based on the plain language of the statute, we proposed to conclude that jurisdiction is dependent on a defendant being permitted to exercise a change of venue if he or she so moves. [CN 3] Moreover, we proposed to conclude that, even if notice was required, the inclusion of a description of the physical location where the accident occurred—placing the accident in Bernalillo County—was sufficient to provide Defendant with notice.

{4}     Defendant challenges this Court's interpretation of the statute, and continues to assert that notice is required for there to be jurisdiction. We assume, solely for the purpose of this opinion, that Defendant's interpretation is correct and notice is required, and we limit our analysis accordingly.

{5}     In response to this Court's proposal that sufficient notice was provided because the physical location of the accident was included in the complaint, Defendant asserts that, where the officer's sworn statement places the violation in a specific county, it is reasonable for defense counsel to "presume" that this information is correct. [MIO 3] Defendant provides no authority in support of such a presumption. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, we disagree with Defendant's assertion that such a presumption is

reasonable. It is not reasonable for defense counsel to assume that facts alleged in a criminal complaint are true without undertaking any investigation. Much to the contrary, we point out that defense counsel has a general duty or obligation to challenge the facts asserted in a criminal complaint and conduct an independent evaluation. We are therefore unpersuaded by Defendant's argument that insufficient notice was provided.

{6}     To the extent Defendant contends that she was denied due process of law due to a lack of notice, this argument is also unavailing. Again, we point out that the information contained in the criminal complaint was sufficient to apprise Defendant of the pendency of the action and afford her an opportunity to present her objections. *See Maso v. State Taxation & Revenue Dep't, Motor Vehicle Div*., 2004-NMSC-028, ¶ 10, 136 N.M. 161, 96 P.3d 286 ("Actual notice is not required, so long as the notice given is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950))). Moreover, to the extent Defendant asserts a violation of her right to due process, Defendant has failed to establish prejudice. *See State v. Dinapoli*, ___-NMCA-___, ¶ 32, ___ P.3d ___ (No. 33,004 April 27, 2015) ("To the extent that Defendant contends that the district court violated his due process rights, he must

4

show prejudice." (citing *State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935)).

{7}     In the present case, Defendant asserts that she was deprived of an on-record appeal in Bernalillo County District Court, as opposed to the de novo trial that she received in Valencia County District Court. This does not demonstrate prejudice. In an on-record appeal from the metropolitan court the district court is the equivalent of an appellate court. *See State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855 ("For on-record appeals the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error."). When a court acts as an appellate court, it is not permitted to reweigh evidence or assess credibility. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 (stating that an appellate court "may neither reweigh the evidence nor substitute its judgment for that of the [fact finder]"). Whereas, a de novo appeal is one "in which the whole case is gone into as if no trial whatever had been had in the court below." *State v. Cannon*, 2014-NMCA-058, ¶ 19, 326 P.3d 485 (internal quotation marks and citation omitted). Thus, as a result, Defendant received an appeal that was less

deferential to the ruling of the lower court; a procedure more favorable to Defendant. As a result, we conclude that Defendant has failed to demonstrate prejudice, and has therefore failed to establish a due process violation.

{8}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions.

{9}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

6