This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42080**

**SOPURKH KAUR KHALSA, SHAKTI PARWHA KAUR KHALSA, and EK ONG KAR KAUR KHALSA, Trustees of the Yogi Bhajan Administrative Trust,**

       Plaintiffs-Appellees,

v.

**INDERJIT KAUR PURI,**

       Defendant-Appellant,

and

**SURJIT SONI,**

       Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez Gagne, District Court Judge**

Sanders & Westbrook, PC
Maureen A. Sanders
Albuquerque, NM

for Appellees

Bowles Law Firm
Jason Bowles
Albuquerque, NM

The Soni Law Firm
Surjit P. Soni

Pasadena, CA

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Appellant Inderjit Kaur Puri (Bibiji) and her attorney, Surjit P. Soni, (collectively, Appellants) appeal from the district court's order imposing a discovery sanction of $1,000 per day for the non-production of documents. We issued a notice of proposed summary disposition proposing to affirm, and Appellants have responded with a memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed affirmance was incorrect, and we affirm the district court.

**{2}** As noted in our proposed disposition, the district court entered its order imposing a sanction fine "for each day that all of the documents in question are not produced." [27 RP 6717] This Court affirmed the $1,000 per day sanction on appeal, concluding that there was no abuse of discretion in imposing sanctions for failure to comply with discovery orders and the sanctions did not violate Appellants' due process rights. [CN 2-3] *See Khalsa Tr. of Yogi Bhajan Admin. Tr. v. Puri* (*Khalsa*), 2023-NMCA-018, ¶¶ 27-40, 525 P.3d 394. After this Court affirmed and mandate issued, Appellants provided the required documents, and the district court included the time that the appeal was pending in calculating the sanctions fine. [28 RP 6992, 7028]

**DISCUSSION**

**{3}** Appellants' memorandum in opposition continues to assert the district court erred in calculating the sanction fine and that their due process rights were violated. [MIO 11, 16] We review the district court's imposition of discovery sanctions for an abuse of discretion. *Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972 ("[W]e will disturb the [district] court's ruling only when the [district] court's decision is clearly untenable or contrary to logic and reason." (internal quotation marks and citation omitted). "We review questions of constitutional law and constitutional rights, such as due process . . . , de novo." *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947. In addition, Appellants attack the sanction by challenging the adequacy of the district court's order denying Appellants' Rule 1-060(B) NMRA motion and by challenging this Court's decision upholding the sanctions and underlying discovery orders. [MIO 8, 13, 17]

**Sanction and Due Process**

**{4}** Appellants assert that the district court violated their right to due process by failing to hold a jury trial on the sanction amount. [MIO 11, 15] As discussed in our proposed disposition, Appellants initially argued that the district court's sanction violated their right to due process by penalizing them for seeking judicial review—a matter that

was considered and rejected in the prior appeal. *See Khalsa*, 2023-NMCA-018, ¶ 36 (rejecting Bibiji's argument that "the district court's sanction of $1,000 per day violates the due process rights of [Appellants]" because "the sanction denies the opportunity for judicial review and is not the minimum sanction necessary to coerce compliance"). Appellants now assert that the sanction violates their due process right "not to suffer criminal penalties and excessive fines without having had the opportunity to a trial by jury under a beyond a reasonable doubt [standard.]" [MIO 11, 15] Appellants contend that because they "were never afforded the procedural protections required for [punitive contempt], including the right to a jury trial and proof beyond a reasonable doubt, the sanctions must be vacated as a matter of constitutional due process."[1] [MIO 11] We disagree for several reasons.

**{5}** First, given that the fine imposed in this case accrued daily until Appellants provided certain documents, the fine here is better characterized as remedial, rather than punitive, contempt:

> [Remedial contempt] may use fines, imprisonment, or other sanctions as coercive measures to compel the contemnor to comply in the future with an order of the court. Because [remedial] contempt sanctions are not punitive in nature, once the contemnor complies, the sanctions end. Thus, a [remedial] contempt defendant carries the keys of [their] prison in [their] own pocket. [They] can end the sentence and discharge [themself] of contempt at any moment by doing what [they have] previously refused to do.

*In re Marshall*, 2023-NMSC-009, ¶ 12, 528 P.3d 670 (alteration, internal quotations marks, and citations omitted); *see generally Hall v. Hall*, 1992-NMCA-097, ¶ 31, 114 N.M. 378, 838 P.2d 995 (concluding that a $500 per day fine for failure to comply with divorce decree was an appropriate remedial contempt fine).[2] Second, even assuming they are correct in their characterization of the sanctions in this case as punitive, Appellants are not entitled to a jury trial under these facts because a jury trial is no longer required for punitive contempt fines. *See In re Marshall*, 2023-NMSC-009, ¶¶ 19-20 (declining to place an express limit on contempt fines, such that would invoke the right to trial by jury); *id.* ¶ 23 ("To the extent that our precedent instructs a $1,000 maximum for direct, punitive contempt fines absent a jury trial, we hold that this mandate no longer stands.").

**{6}** Lastly, we note that despite asserting that the New Mexico Constitution provides greater due process protections in this case than the Federal Constitution, Appellants have neither identified any authority to support that assertion, nor identified anywhere in

---

1Appellants refer to criminal and civil contempt throughout the memorandum in opposition, but, in accordance with *In re Marshall*, 2023-NMSC-009, ¶ 15, 528 P.3d 670, we refer only to remedial and punitive contempt. Id. (indicating that "civil" contempt be referred to as remedial contempt and "criminal" contempt be referred to as punitive contempt).

2Despite their insistence in the memorandum in opposition that the sanction in this case is punitive contempt [MIO 11-12], we note that in the prior appeal, Appellants characterized the sanction as a civil sanction [A-1-CA-39074 BIC 24, 24].

the record where they preserved such a claim. *See State v. Gomez*, 1997-NMSC-006, ¶ 23, 122 N.M. 777, 932 P.2d 1 ("[W]hen a party asserts a state constitutional right that has not been interpreted differently than its federal analog, a party also must assert in the trial court that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart and provide reasons for interpreting the state provision differently from the federal provision."); *see also Maso v. N.M. Tax'n and Revenue Dep't*, 2004-NMSC-028, ¶¶ 7-8, 136 N.M. 161, 96 P.3d 286 (declining to address an argument that the New Mexico Constitution offers greater due process protections than the federal constitution where it is made for the first time on appeal).

**{7}** Appellants rely on *Concha v. Sanchez*, 2011-NMSC-031, 150 N.M. 268, 258 P.3d 1060, and *State ex rel. N.M. State Highway and Transp. Dep't v. Baca*, 1995-NMSC-033, 120 N.M. 1, 896 P.2d 1148, as support for their assertion that the sanction in this case amounts to punitive contempt, and they were therefore entitled to a jury trial. [MIO 11-12] These citations are not persuasive. *Concha* is distinguishable because it involved an order placing the litigants in jail without any proceedings to determine their guilt or innocence; the contempt was held to be punitive, as the individuals were unable to end the sentence or discharge themselves of contempt by doing what they had previously refused to do. 2011-NMSC-031, ¶ 33. *Baca* is equally unhelpful to Appellants. Although it does place a limit on a trial court's inherent authority to impose sanctions, those limits do not serve to curtail the district court's order here. *See* 1995-NMSC-033, ¶ 17 (holding that a court's inherent power to impose sanctions "only extends to conduct occurring before the court or in direct defiance of the court's authority"); *Khalsa*, 2023-NMCA-018, ¶ 31 (concluding that Bibiji "engaged in conduct in direct defiance of the court's authority" and accordingly, "the district court did not err in exercising its inherent authority to impose sanctions to preserve the integrity of the judicial process").

**{8}** In arguing that the sanction should have been calculated using the time period between this Court's issuance of mandate following the prior appeal and production of the documents, Appellants continue to make conclusory assertions based on case law that this Court deemed inapplicable in *Khalsa* and unpersuasive in our proposed disposition. [MIO 16; CN 4; A-1-CA-39074 BIC 25] 2023-NMCA-018, ¶ 39 (declining to follow cases cited for the proposition that due process is violated "when the penalties for disobedience are so enormous that they intimidate a potential challenger from exercising his or her right of access to the courts"). Appellants are aware, and have been since *Khalsa*, that the proper mechanism for staying accrual of the district court's sanction was to post a bond. [A-1-CA-39074 7/2/20 Mtn. 6-7] *See* Rule 1-062(D) NMRA; Rule 12-207(B) NMRA; NMSA 1978, § 39-3-22 (2007). Nevertheless, Appellants explicitly chose not to do so. [A-1-CA-39074 7/2/20 Mtn. 6-7]

**{9}** As discussed in *Khalsa*, the district court's sanctions order explicitly found that Appellants failed to post a bond. *Id.* ¶ 28. There, we affirmed the district court's daily sanction, despite Appellants having neither produced the responsive documents nor posted a bond while the appeal was pending. *Id.* ¶ 35 (concluding, based on a consideration of the totality of circumstances, that the sanction did not constitute an

abuse of discretion). We are unpersuaded by Appellants' attempt to re-frame the stay issue litigated in *Khalsa* as an error in the district court's calculation of the sanctions fine, and conclude that Appellants have failed to demonstrate reversible error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

**Appellants' Rule 1-060(B)(5) NMRA Motion**

**{10}**    Appellants also asserts that the district court failed to provide adequate reasoning for its denial of their motion for relief under Rule 1-060(B)(5) NMRA. [MIO 7] In support, Appellants cite to Rule 1-052 NMRA and *Resolution Trust Corporation v. Ferri*, 1995-NMSC-055, ¶ 8, 120 N.M. 320, 901 P.2d 738. [MIO 8-9] We are unpersuaded. Appellants have not identified any authority indicating findings were required under the circumstances present here. *See* Rule 1-052(A) (providing that findings are "unnecessary in decisions on motions under Rules 1-012, 1-050, or 1-056 NMRA or any other motion" except as provided in Rule 1-041(B) NMRA); *see also Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Moreover, *Resolution Trust Corporation* neither supports Appellants' contention that "failure to articulate the basis for denying a Rule [1-0]60(B) motion could warrant remand for clarification," nor is analogous to the facts of this case. [MIO 9] *See id.* ¶¶ 8-14 (considering timeliness of litigant's request, under Rule 1-060(B)(6), to set aside default judgment based on mistake of law and remanding for an evidentiary hearing based on the trial court's application of the incorrect standard).

**{11}**    In addition, Appellants assert that, because they had complied with the discovery orders and turned over the documents that were the basis for the discovery sanction when they filed their Rule 1-060 motion for relief, imposing a sanction fine was unjust and no longer warranted. [MIO 9-10] We disagree. The total amount of sanctions could not be calculated until after Appellants produced the documents in question, after which there was no further $1,000 per day accrual. To conclude that Appellants' eventual compliance with the district court's order divested the district court of the authority to enforce the sanction both defies logic and would be contrary to the purpose of the sanction. *See generally In re Marshall*, 2023-NMSC-009, ¶ 12 (defining remedial contempt as coercive measures intended to compel the contemnor to comply with an order of the court). Given Appellants' failure to identify any authority that required the district court to explain its decision in further detail, *see Curry*, 2014-NMCA-031, ¶ 28, or that production of the documents deprived the district court of the capacity to enforce the sanction it ordered, we conclude Appellants have failed to demonstrate error. *See*

*Farmers, Inc.*, 1990-NMSC-100, ¶ 8 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."); *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 16, 392 P.3d 194 (stating that appellate courts will not reverse "the denial of a Rule 1-060(B) motion, except upon a showing of abuse of discretion by the district court").

**Prior Appeal**

**{12}** In addition, Appellants assert error in this Court's opinion in *Khalsa*, 2023-NMCA-018, and attempt to argue the merits of the discovery order that was the subject of the prior appeal. [MIO 13, 17] *See id.* ¶¶ 20-22. The proper mechanism for seeking review of this Court's opinion was through review in the New Mexico Supreme Court; Appellants, however, did not seek any such review. *See* Rule 12-502 NMRA (providing for review of decisions of the Court of Appeals).

**{13}** The order being appealed in this case did nothing more than impose a total sanction fine, calculated using the daily amount that was identified in a previous order and affirmed on appeal. [28 RP 7028] *See Khalsa*, 2023-NMCA-018, ¶¶ 32, 35 (concluding that the district court did not abuse its discretion in sanctioning Appellants in the amount of $1,000 per day until Bibiji produced the relevant documents and information). The order neither addressed whether the sanction was appropriate nor assessed whether the district court erred in ordering Bibiji to produce certain federal tax returns. [28 RP 7028] Nevertheless, Appellants ask that we consider those issues, and in doing so, functionally seek to relitigate the prior appeal. [MIO 13, 17] We decline to do so. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816 ("[A] decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation."); *Khalsa*, 2023-NMCA-018, ¶¶ 20-22 (affirming the district court's order requiring that Bibiji produce certain federal tax returns and affirming the imposition and amount of sanctions).

**{14}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{15} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**