[No. 1211, August 28, 1909.]

TERRITORY OF NEW MEXICO, Appellant, v. GEORGE B. WOODWARD, et al, Appellees.

### SYLLABUS.

Where there is no undertaking on the part of the sureties in an appearance bond that the defendant should appear elsewhere than in the county named or that the defendant should obey the further orders of the court, there could be no forfeiture of the bond if the defendant defaulted after having obtained a change of venue to another county.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

JAMES M. HERVEY, Attorney General, for Appellant.

Admitting a defendant to bail and fixing the amount thereof, are acts judicial in their nature. Gregory v. State, 94 Ind. 384; Hunt v. U. S. 63 Fed. 568, 11 C. C. A. 340; Callahan v. State, 60 Ala. 65; Pinson v. State, 28 Ark.

Territory v. Woodward, et al.

397; Moore v. State, 28 Ark. 480; Dickinson v. Kingsbury, 2 Day. 1; Simpson v. Robert, 35 Ga. 180; Wallenweber v. Comm., 3 Bush. 68; Wilson v. Commonwealth, 99 Ky. 167; State v. Jones, 3 La. Ann. 9; State v. Gilbert, 10 La. Ann. 524; State v. Wyatt, 6 La. Ann. 701; State v. McKeown, 12 La. Ann. 596; State v. Ansley, 13 La. Ann. 298; State v. Badon, 14 La. Ann. 783; State v. Hendricks, 5 So. 177; State v. Jenkins, 24 Mo. App. 433; State v. Houston, 74 N. C. 549; Hodges v. State, 20 Tex. 493.

If the condition of the bond had used merely the words of the statute, the obligation would still be the same as that which is plainly expressed in the bond as given. C. L. 1897, sec. 3386; Norfolk v. People, 43 Ill. 10; Gallagher v. People, 88 Ill. 337; State v. Ryan, 23 Iowa 406; People v. Hanow, 106 Mich. 421; State v. Brown, 16 Iowa 314; State v. Benzion, 79 Iowa 467; People v. Gordon, 39 Mich. 261; Crawford v. Vinton, 102 Mich. 85-6; Reese v. U. S. Wall. 18.

An order of change of venue must be considered as within the contemplation of the sureties executing a bail bond and entering into and forming part of their contract. Davis v. South Carolina, 107 U. S. 600-1; Beasley v. State, 53 Ark. 67; State v. Brown, 16 Ia. 314; Ramey v. Comm., 83 Ky. 534; State v. Stout, 11 N. J. L. 124; Baker v. State, 22 S. W. 1039.

Proceedings by *scire facias* are proper upon a forfeited bail bond. U. S. v. Insley, 54 Fed. 221, 4 C. C. A. 298-9; State v. Glass, 9 Ia. 325; State v. Heed, 62 Mo. 559; Saunders' Pleading 750; Tidd's Practice 1091; Sans v. People, 3 Gilm 330; Comm. v. Green, 12 Mass. 2.

W. B. CHILDERS for Appellees.

Action on an appearance bond is a civil action for the enforcement of a private right. C. L. 1897, sec. 2685, sub-secs. 17, 19; 19 Enc. P. & P. 307; Com. v. McNeill, 19 Pac. 136; 3 Enc. P. & P. 340, and cases cited; People v. Love, 19 Cal. 676; Brooks v. U. S. 6. N. M. 72; Himiston v. Smith, 21 Cal. 134; De Baca v. Wilcox, 11 N. M. 346; Browne & Manzanares Co. v. Chaves, 9 N. M. 316;

Territory v. Woodward, et al.

Cameron v. Young, 6 How. Pr. 372; Alden v. Clark, 11 How Pr. 209.

The bond must follow the provisions of the Statute. C. L. 1897, secs. 3385, 3386, 3387, 3394; 5 Cyc. 16, 85, note 30, 110, 124, note 10; Com. v. Thompson, 33 S. W. 1103: 16 Enc. P. & P. 837; People v. Cohen, 118 Cal. 74, 50 Pac. 20; State v. Pratt, 50 S. W. 113; U. S. v. Hudson, 65 Fed. 68.

The conditions of the bond cannot be varied or changed. U. S. v. Rundlett, 27 Fed. Cases, No. 16,208; U. S. v. Brooks, 6 N. M. 72; State v. Jones, 29 Ark. 127; Reese v. U. S., 9 Wall. 13; Davis v. S. C., 107 U. S. 601; State v. Huston, 74 N. C. 175; U. S. v. Evans, 2 Federal 147; State v. Walker, 1 Mo. 389, 546; State v. Miles, 13 N. C. 555; State v. Miller, 31 Texas 564; 5 Century Digest, sec. 184; State v. Colwell, 28 S. W. 4; State v. Randolph, 26 Mo. 213; State v. Nelson, 28 Mo. 13; State v. Fergusson, 50 Mo. 409; State v. Murdock, 81 N. W. 447.

The crime charged in the bond is not sufficiently described. Heilman v. State, 25 S. W. 1120; Bonner v. Com., 85 S. W. 1185; Com. v. Thompson, 33 S. W. 113; State v. McGuire, 43 N. W. 688; Griffin v. State, 48 Ind. 258.

Where bail is taken contrary to the provisions of some express statute the obligation is rendered void. State v. Satterwhite, 20 S. C. 536; Luckett v. State, 51 Miss. 799.

### OPINION OF THE COURT.

PARKER, J.—This was a proceeding to recover the penalty upon an appearance bond. Several questions are presented by the record but we do not deem it necessary to consider more than the one fundamental question which, if decided correctly, shows no cause of action which can be maintained. The condition of the bond is as follows:

"Now, if the said C. B. Woodward shall well and truly appear at the next ensuing term of the District Court of the Second Judicial District of New Mexico to be begun and held in and for the said County of Valencia on the first Monday in March, A. D., 1903, on the first day

of said term, then and there to answer any indictment that may be found against him, in said court, for said alleged crime, and shall remain in attendance upon said court from day to day, and from term to term, until discharged by authority of law, then this obligation to be void, otherwise to remain in full force and effect."

It appears that the defendant was examined by the District Judge of the Second Judicial District, sitting as Committing Magistrate, and committed to await the action of the grand jury at the next term of the District Court in Valencia County. At that term the defendant was indicted on the charge. At the succeeding term he applied for and obtained a change of venue of the cause to Bernalillo County. At the next ensuing term of the District Court for that county the cause was continued. At the next term the defendant defaulted and his bond was forfeited. This proceeding was then instituted against his sureties on the bond to recover the penalty.

The court below held there was no right to recover and this was correct. There was no undertaking on the part of the sureties that the defendant should appear elsewhere than in Valencia County nor was there provision in the condition of the bond that defendant should obey the further orders of the court. Had this been the case the defendant might have been ordered to give a new bond on change of venue, and, in default thereof, have been committed. Or, perhaps, he might have been ordered by the court, on change of venue, to appear in Bernalillo County and remain in attendance on that court until discharged, and the sureties would still be liable upon their undertaking. But this bond contained no such condition and the obligation was solely to appear in Valencia County until discharged. There could be no forfeiture of the bond for failure to appear elsewhere and his appearance there was discharged by the order changing the venue.

For the reason stated the judgment of the court below will be affirmed and it is so ordered.

Abbott, Mechem and Cooley, Associate Justices, did not participate in this decision.