**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2017-NMCA-043**

**Filing Date: February 13, 2017**

**Docket No. 34,245**

**JUAN ANTONIO OCHOA BARRAZA,**

      **Petitioner-Appellant,**

**v.**

**STATE OF NEW MEXICO TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION,**

      **Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Ben A. Ortega
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Taxation and Revenue Department, Legal Services Bureau
Gabrielle Dorian, Special Assistant Attorney General
Diana Martwick, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**OPINION**

**VIGIL, Judge.**

**{1}** The New Mexico Taxation and Revenue Department, Motor Vehicle Division (MVD), revoked Driver Juan Antonio Ochoa Barraza's license under the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2015), and Driver appealed to the district court. Instead of hearing the case in its appellate capacity, the district court, on its own motion converted the case into a petition for writ of mandamus, arising

under its original jurisdiction, and denied mandamus relief. We conclude that the district court erred in converting the appeal into a petition for writ of mandamus, and remand the case to the district court to decide the case as an appeal.

**BACKGROUND**

**{2}** Bernalillo County Sheriff's Deputy Jason Foster stopped Driver for failing to maintain a traffic lane. Upon seeing that Driver had bloodshot, watery eyes, and smelling the odor of an alcoholic beverage coming from the vehicle, Deputy Foster told Driver to exit the vehicle, whereupon he noted an odor of alcohol coming from Driver's person. Driver told Deputy Foster that he spoke Spanish, and Deputy Foster called for a Spanish-speaking deputy before giving Driver field sobriety tests. Deputy Jareno responded and translated the instructions given by Deputy Foster to Driver. Driver failed the field sobriety tests, and Deputy Foster arrested Driver for driving while under the influence of intoxicating liquor or drugs (DWI). NMSA 1978, § 66-8-102 (2010, amended 2016).

**{3}** Although Deputy Jareno was present, Deputy Foster read the implied consent advisory to Driver in English. Deputy Foster informed Driver that he was under arrest for DWI and that the Implied Consent Act required him to submit to a breath or blood test, or both, to determine the alcohol or drug content of his blood. Deputy Foster further informed Driver that if he took the test, he had a right to take an additional test of his choosing, together with the right to a reasonable opportunity to arrange for a physician, licensed nurse, laboratory technician or technologist employed by a hospital or physician to perform the additional test, the cost of which would be paid by the law enforcement agency. Deputy Foster then asked Driver if he agreed to a breath test, and Driver said, "No." Deputy Foster then advised Driver that if he refused, he would lose his driver's license for one year and that, if he was convicted, he could receive an enhanced sentence due to the refusal. Deputy Foster asked Driver, having that in mind, did he now agree to take the tests, and Driver again answered, "No."

**{4}** Deputy Foster issued Driver a notice of revocation of his driver's license for one year, and of his right to an administrative hearing before MVD to contest the revocation. Sections 66-8-111(B) and 66-8-111.1. Driver's request for an administrative hearing was granted. The notice of the hearing specified that one of the issues to be decided was whether Driver "refused to submit to requested breath and/or blood testing, after having been advised that failure to submit could result in revocation of [Driver's] privilege to drive[.]"

**{5}** A hearing was held before MVD hearing officer Jane Kircher pursuant to Section 66-8-112. After considering the testimony, Kircher set forth the evidence in detail to support her factual determination that Driver spoke English and understood the implied consent advisory given in English by Deputy Foster, including the consequences of refusing the requested tests. Kircher therefore rejected Driver's argument that the due process protected by Article II, Section 18 of the New Mexico Constitution and cases addressing the giving of *Miranda* warnings in Spanish to a Spanish-speaker required Deputy Foster to read or give the implied

2

consent advisory to Driver in Spanish. Kircher found that Driver "refused to submit to a requested chemical test after he was properly advised that he would lose his privilege to drive if he refused the test[,]" and entered an order sustaining the revocation of Driver's license for one year. Driver was advised of his right to appeal and seek review of the revocation in the district court.

**{6}** Driver appealed MVD's revocation of his driver's license to the district court. *See* § 66-8-112(H); Rule 1-074(A) NMRA (setting forth the procedure for an appeal from an administrative agency to the district court "when there is a statutory right of review to the district court"). In his statement of issues on appeal, Driver argued that even if he spoke English at some level, there was no way to gauge his actual understanding of what Deputy Foster told him, and because Deputy Jareno was present and able to translate, the implied consent advisory should have been given to him in Spanish, his native language. Driver also argued that Deputy Foster's failure to give the implied consent advisory in Spanish violates the due process protected by Article II, Section 18 of the New Mexico Constitution. MVD responded that the evidence supported the hearing officer's finding that Driver understood English and the implied consent advisory.

**{7}** The district court recognized that the case before it was an appeal from MVD's decision revoking Driver's license. However, because the district court ruled that MVD had no jurisdiction to rule on Driver's due process argument, the district court also concluded it had no jurisdiction to decide the appeal. In making this determination, the district court referred to our decision in *Maso v. New Mexico Taxation & Revenue Dep't*, 2004-NMCA-025, 135 N.M. 152, 85 P.3d 276, *affirmed*, 2004-NMSC-028, 136 N.M. 161, 96 P.3d 286. Without notice to the parties and on its own motion, the district court then construed the appeal as a petition for writ of mandamus, and, finding no basis to issue a writ of mandamus, denied relief. Driver appeals.

**ANALYSIS**

**{8}** This case requires us to determine whether the relevant portion of Section 66-8-112 grants authority to MVD to decide Driver's due process claim in an administrative hearing under the Implied Consent Act. This is a question of law that we review de novo. *See Schuster v. N. M. Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶ 9, 283 P.3d 288 (stating "[w]hether MVD must conclude that the arrest of a driver for DWI is constitutional before revoking a driver's license requires" that Section 66-8-112 be interpreted, and that 'statutory interpretation' presents a question of law that is reviewed de novo); *Martinez v. N.M. State Eng'r Office*, 2000-NMCA-074, ¶ 20, 129 N.M. 413, 9 P.3d 657 (stating that determining what issues may be decided by the state personnel board under the applicable statutory scheme presents a question of law). "When reviewing a statute, [appellate courts] must give effect to the Legislature's intent by first looking at the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Schuster*, 2012-NMSC-025, ¶ 9 (internal quotation marks and citation omitted).

3

**{9}** A person whose license is revoked under the Implied Consent Act may contest the revocation by requesting a hearing within ten days after receiving the notice of revocation. Section 66-8-112(B). Section 66-8-112(E) provides that the hearing "shall be limited" to consideration of five issues. *See id.* ("The hearing shall be limited to the issues: (1) whether the law enforcement officer had reasonable grounds to believe that the person had been driving a motor vehicle within this state while under the influence of intoxicating liquor or drugs; (2) whether the person was arrested; (3) whether this hearing is held no later than ninety days after notice of revocation; and either (4) whether: (a) the person refused to submit to a test upon request of the law enforcement officer; and (b) the law enforcement officer advised that the failure to submit to a test could result in revocation of the person's privilege to drive; or (5) whether: (a) the chemical test was administered pursuant to the provisions of the Implied Consent Act; and (b) the test results indicated an alcohol concentration in the person's blood or breath of eight one hundredths or more if the person is twenty-one years of age or older, four one hundredths or more if the person is driving a commercial motor vehicle or two one hundredths or more if the person is less than twenty-one years of age"). Sections 66-8-112(F) and (G) provide that the revocation may be sustained only if the hearing officer makes an affirmative finding as to each issue. A person adversely affected by a decision of MVD may then seek review in the district court. Section 66-8-112(H).

**{10}** As discussed above, the district court relied upon *Maso* in arriving at its ruling. In *Maso*, the driver conceded that he received the notice of revocation, but he failed to make a timely request for a hearing. 2004-NMCA-025, ¶ 1. MVD denied his request for a hearing. *Id.* ¶ 5; *see* § 66-8-112(B) ("Failure to request a hearing within ten days shall result in forfeiture of the person's right to a hearing."). The driver appealed to the district court asserting that, because the notice was in English, and he only understood Spanish, the notice did not comport with due process, and he should have been granted a hearing, notwithstanding his lack of timeliness. *Maso*, 2004-NMCA-025, ¶¶ 1, 6. The district court rejected the driver's due process argument, and this Court granted the driver's request for certiorari review of the district court decision. *Id.* ¶ 6. We concluded that, because Section 66-8-112(E) provides that the hearing "shall be limited" to the consideration of specific issues, and the driver's argument that due process required the notice of revocation to be given to him in Spanish is not included in those issues, MVD had no jurisdiction to consider the driver's argument. *Maso*, 2004-NMCA-025, ¶ 12.[1] We additionally concluded that because MVD had no jurisdiction to decide the issue raised by the driver, the district court had no appellate jurisdiction to decide the issue. *Id.* ¶ 13; *see Nesbit v. City of Albuquerque*, 1977-NMSC-107, ¶ 10, 91 N.M. 455, 575 P.2d 1340 (concluding that a district court has no jurisdiction to consider an issue on appeal from an administrative agency that decided the issue without jurisdiction to do so).

---

[1]We also note here that whether a driver requests a timely hearing is not included in the five issues that may be considered by a hearing officer under Sections 66-8-112(E) and (F).

4

**{11}** However, we also noted in *Maso* that the district court had authority to consider the driver's due process argument under its original jurisdiction. 2004-NMCA-025, ¶ 14. Invoking logic and principles of judicial economy, we construed the driver's appeal to the district court as in the nature of a petition for writ of mandamus, and the appeal before us as an appeal from the denial of a petition for writ of mandamus. *Id*. ¶ 15. We then affirmed the district court on the merits, concluding that due process does not require that written notice of revocation be given to a Spanish-speaking driver in Spanish. *Id*. ¶¶ 18-21. On certiorari, our Supreme Court affirmed the merits of the due process issue without addressing any of the procedural or jurisdictional issues we had decided. *Maso*, 2004-NMSC-028, ¶¶ 9, 13-15.

**{12}** Driver and MVD both ask us to consider the applicability of *Schuster*, 2012-NMSC-025. One of the questions that must be affirmatively answered before MVD can revoke a driver's license under Section 66-8-112(E)(2) is whether "the person was arrested." *Id*. In *Schuster,* the issue before our Supreme Court was whether the Legislature intended a finding that a driver was "arrested" to include a finding that the driver's arrest was constitutional. 2012-NMSC-025, ¶ 15. Our Supreme Court answered the question in the affirmative, holding, "the plain meaning of the word 'arrest' means an arrest that complies with the protections of the Fourth Amendment to the United States Constitution, and Article II, Section 10 of the New Mexico Constitution." *Schuster*, 2012-NMSC-025, ¶ 18. It therefore concluded that "an arrest and the underlying police activity leading to the arrest, must be constitutional before a driver's license can be revoked under the Implied Consent Act." *Id*. The Court recognized that to conclude otherwise, that the Implied Consent Act allows an unconstitutional arrest to result in the revocation of a driver's license, would call into question the constitutionality of the Implied Consent Act. *Id*. ¶¶ 17-18.

**{13}** Referring to our decision in *Maso*, the driver in *Schuster* also argued that the district court must consider the constitutionality of an arrest under its original jurisdiction and not for substantial evidence under its appellate jurisdiction. *Schuster*, 2012-NMSC-025, ¶ 20. Our Supreme Court disagreed and held that because "MVD must rule on the constitutionality of an arrest" before revoking a driver's license under the Implied Consent Act, *Maso* was not controlling. *Schuster*, 2012-NMSC-025, ¶¶ 20, 22. Significantly, the Court noted that *Maso* "stands for the legal proposition that any constitutional challenge beyond MVD's scope of statutory review is brought for the first time in district court under its original jurisdiction." *Schuster*, 2012-NMSC-025, ¶ 21.

**{14}** Both parties argue that *Schuster* is controlling in this case, and we agree. Prior to revoking Driver's license, Kircher was required to affirmatively answer whether Driver "refused to submit to a test upon request" and whether Deputy Foster "advised that the failure to submit to a test could result in revocation of [Driver's] privilege to drive[.]" Section 66-8-112(E)(4)(a), (b). Driver specifically argued that because his primary language is Spanish, due process required that Deputy Foster give him the implied consent advisory in Spanish to ensure that Driver understood the advisory and validly refused to submit to the test.

5

**{15}** In *Schuster*, our Supreme Court concluded that MVD was both authorized and required to answer constitutional questions arising from the language of Section 66-8-112(E)(2). 2012-NMSC-025, ¶ 19. We see no need to depart from that rationale. A driver's license is an "important, protectible right," *Stevens v. N.M. Transp. Dep't*, 1987-NMCA-095, ¶ 12, 106 N.M. 198, 740 P.2d 1182, subject to due process protections. *Maso v. N.M. Taxation & Revenue Dep't*, 2004-NMSC-028, ¶ 10, 136 N.M. 161, 96 P.3d 286 ("Due process requires notice and an opportunity for a hearing before the State can suspend or revoke a person's driver's license."). It appears an open question whether due process requires that a non-English speaking driver fully understand the implications of his or her refusal to submit to a breath- or blood-alcohol test upon request. In accordance with *Schuster*, we conclude that MVD must answer this constitutional question in determining whether it can answer the questions posed by Section 66-8-112(E)(4) in the affirmative. Following MVD's ruling on the matter, the district court must, on appeal, hear and decide the question in its appellate capacity and not under its original jurisdiction. *Schuster*, 2012-NMSC-025, ¶ 22.

**{16}** Whether the district court is acting under its original jurisdiction in mandamus or its appellate capacity, it has very real consequences. When the district court sits in its appellate capacity, Section 66-8-112(H) directs that it is "to determine only whether reasonable grounds exist for revocation [of the driver's license] based on the record of the administrative proceeding." In its appellate capacity, the standard of review that the district court applies is: (1) whether MVD acted fraudulently, arbitrarily, or capriciously; (2) whether MVD's decision is supported by substantial evidence; (3) whether MVD's action is outside the scope of its authority; or (4) whether MVD's action was otherwise not in accordance with law. Rule 1-074(R). On the other hand, "[m]andamus lies only . . . where, on a given state of facts, [a] public officer has a clear legal duty to perform the act and there is no other plain, speedy, and adequate remedy in the ordinary course of the law." *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 11, 140 N.M. 168, 140 P.3d 1117. "The writ applies only to ministerial duties and it will not lie when the matter has been entrusted to the judgment or discretion of the public officer." *Id*. Thus, very different considerations and standards apply as to how a district court is to treat the law and facts before it, depending on whether the district court is acting in its appellate jurisdiction or in its original mandamus jurisdiction.

**{17}** There are also additional consequences. When the district court sits in its appellate capacity and issues a final order in a MVD driver's license revocation case such as this, there is no right to a further appeal in this Court. Rather, a timely petition for a writ of certiorari must be filed in this Court, which is granted or denied at the discretion of the Court. Rule 1-074(V); Rule 12-505 NMRA. Driver did not file a petition for certiorari, and even if we could consider Driver's docketing statement as such a petition, it was not timely, and we would not have jurisdiction. *See Bransford-Wakefield v. N.M. Taxation & Revenue Dep't*, 2012-NMCA-025, ¶¶ 9, 16, 18, 274 P.3d 122 (stating that "the timely filing of a petition for a writ of certiorari" within thirty days of the district court's final order to be reviewed "is a mandatory precondition" to our exercise of jurisdiction, and while a docketing statement can

substitute for a petition for writ of certiorari, it must also be filed within thirty days of the order to be reviewed). On the other hand, when the district court acts under its original jurisdiction, an aggrieved party has a right to appeal to this Court by filing a timely notice of appeal in the district court and a timely docketing statement in this Court. Rule 12-202 NMRA; Rule 12-208 NMRA. In fact, due to the confusion caused by the district court's action, and whether Driver was required to file a petition for writ of certiorari or had properly filed a notice of appeal, we issued an order to show cause why this appeal should not be dismissed. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 (stating that an appellate court may raise a question of jurisdiction on its own motion, and lack of jurisdiction at any stage must be resolved before proceeding further). The parties' responses to the order to show cause provided us with valuable insights in disposing of this appeal.

**{18}** We therefore conclude that the district court erred in converting the administrative appeal before it into a petition for writ of mandamus arising under its original jurisdiction and that the order of the district court must therefore be reversed. We remand the case to the district court for consideration in its appellate capacity.

**CONCLUSION**

**{19}** The order of the district court is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.

**{20}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**

7