This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40001**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**IBRAHIM ASIMWE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     Defendant appeals his conviction for aggravated driving while intoxicated (DWI) (refusal to submit to chemical testing). We issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Defendant challenges the sufficiency of the evidence to support his conviction for aggravated DWI [MIO 11-18], which we proposed to affirm in our calendar notice. In his memorandum in opposition, Defendant continues to maintain, based on the same theories, that there was insufficient evidence to support his conviction, specifically

arguing that the State failed to prove that he was adequately advised by a law enforcement officer of the Implied Consent Act and that he willfully refused to submit to a breath test. [MIO 11-18] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3}     Defendant continues to argue that he was not adequately advised of the Implied Consent Act because it was not read to him in his primary language, and he was not asked by officers for his primary language. [MIO 13-15] Defendant now points to a police department regulation on the standard procedure to be utilized, but does not support his apparent claim that the failure to follow these regulations necessarily means the advisory was inadequate. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be"). Moreover, Defendant does not dispute the facts relied upon in the calendar notice—that the officer testified he advised Defendant of the consequences of his refusal and that he believed Defendant understood, based on his responses to questions. [CN 4-5] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent Defendant implies that the officer's reciting of the Implied Consent Act from memory was somehow inadequate or incomplete, it was for the trier of fact to weigh the evidence and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

{4}     In challenging the sufficiency of the evidence to support a willful refusal, Defendant points to evidence that he agreed to do a breath test at the scene, but that after he showed confusion about what he was supposed to do, he was taken to the prisoner transport center. [MIO 9] Defendant further states that once they arrived at the transport center, he told officers he needed to use the bathroom badly, but was not allowed to go. [MIO 10] Defendant then agreed to hear the Implied Consent Act advisements and afterward, "agreed to take a breathalyzer; however he told [the officer] that he could not do it before he used the restroom," but again was told he could not go. [MIO 10] The officer then waited for the machine to time out before allowing Defendant to go to the restroom. [MIO 10] The officer did not give Defendant another opportunity to take the breath test and Defendant did not ask. [MIO 10] We are unpersuaded that these facts show there was insufficient evidence of a willful refusal. Defendant's equivocal consent to take the breath test constitutes a refusal. *See State v. Vaughn*, 2005-NMCA-076, ¶ 41, 137 N.M. 674, 114 P.3d 354 (recognizing that "anything short of full and unequivocal consent is a refusal except in very limited circumstances"); *Fugere v. N.M. Tax'n & Revenue Dep't*, 1995-NMCA-040, ¶ 13, 120 N.M. 29, 897 P.2d 216 (explaining that "[a] conditional consent is a refusal to take the test").

{5}     In support of Defendant's due process and equal protection claims, Defendant cites *Barraza v. New Mexico Taxation & Revenue Department*, for the following statement: "It appears an open question whether due process requires that a non-English speaking driver fully understand the implications of his or her refusal to submit to a breath- or blood-alcohol test upon request." 2017-NMCA-043, ¶ 15, 395 P.3d 527. [MIO 21] However, Defendant has failed to respond to the proposed disposition to affirm on the basis that neither of these constitutional issues had been preserved. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned); *see also* Rule 12-321(A) NMRA ("To preserve an issue for review it must appear that a ruling or decision by the trial court was fairly invoked."); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). Accordingly, Defendant has not shown error in our proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. To the extent Defendant is attempting to reframe his due process and equal protection arguments as a sufficiency of the evidence challenge, asserting that there was insufficient evidence of a willful refusal, we are unpersuaded for the reasons stated above. [MIO 18-22]

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**